## C. J. HAFEY v. H. G. BRONSON.

TAX SALE; *Voidable Tax Deed.* Where a county treasurer gives notice of a tax sale, but does not state in his notice that the property will be sold "at public auction," as the statute requires, but omits the words "at public auction," *held,* that such omission will not render the tax sale or the tax deed founded thereon absolutely void, but will render the same voidable, at the instance of the original owner of the property, at any time within five years after the tax deed has been executed and recorded.

*Error from Greenwood District Court.*

EJECTMENT, brought by *Bronson* against *Hafey.* Judgment for the plaintiff, at the May Term, 1884. Defendant brings the case here. The opinion states the facts.

*Clogston & Fuller,* for plaintiff in error.

*Ira P. Nye,* and *Almerin Gillett,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of ejectment, brought by H. G. Bronson, on September 28, 1883, in the district court of Greenwood county, against C. J. Hafey, for the recovery of certain real estate. The case was tried by the court without a jury, upon the following agreed facts and evidence:

"At the May 1884 term of said court, said cause came duly on for trial; and thereupon the following was admitted and agreed to by said parties: That the plaintiff is the legal owner of the land described in his said petition, save and except the title claimed by the defendant under and by virtue of a tax deed heretofore issued by Greenwood county to George O. Lovett, defendant claiming under said Lovett.

"It is further agreed that if said tax deed conveyed title, that defendant is entitled to recover; · otherwise judgment should be for the plaintiff; and it is further admitted, that defendant is in actual possession of said premises by virtue of said deed. It is further admitted, that said land was subject to taxation, was duly assessed, and was properly placed upon the tax-rolls, and the taxes unpaid, and that said land was subject

to sale for said unpaid taxes; that said land for said delinquent taxes was sold; that afterward upon said sale, a tax deed, under which defendant claims, was issued by said county, and that said tax deed was regular upon its face.

"To attack said deed, plaintiff offered in evidence the following notice under which said land was sold, and upon which said sale said deed was issued, said notice being in words and figures as follows, to wit:

'COUNTY TREASURER'S NOTICE.

STATE OF KANSAS, GREENWOOD COUNTY, ss.

EUREKA, KANSAS, July 30, 1879.

Notice is hereby given, that I will offer for sale at my office in Eureka, Greenwood county, Kansas, on the first Tuesday in September, 1879, and next succeeding days, so much of each tract of land described below *as is necessary to pay the taxes and charges thereon for the year 1878.*

W. H. DAUM, *County Treasurer.*'

"Thereupon, plaintiff admitted that said land was actually sold under said notice at the time and place mentioned in said notice, and at public auction.

"The above and foregoing is all the testimony offered and admissions made in said cause."

Upon these agreed facts and evidence, the court below found in favor of the plaintiff and against the defendant, and rendered judgment accordingly, giving the possession of the property to the plaintiff upon his payment to the defendant the sum of $214.11, the amount of the taxes, penalties, costs and interest due on the land and paid by the defendant. The defendant, as plaintiff in error, now brings the case to this court.

It appears that the only irregularity in the tax proceedings was, that the county treasurer did not state in his notice of the tax sale that the property would be sold "at public auction," as is required by the statute. (Comp. Laws of 1879, ch. 107, § 106.) In other words, he omitted the words "at public auction" in his tax-sale notice. It has already been decided by this court that the omission of such words from the tax-sale notice will not of itself, and where everything else has been regular, render the tax sale absolutely void, but at most only voidable. (*Belz v. Bird*, 31 Kas. 139.) And the question now arises, will such omission render the tax sale and the tax deed founded thereon voidable? We are inclined to think it will; not because it might mislead the owner of the property, but because

it might mislead others and persons who might desire to attend the tax sale and purchase the lands offered for sale, provided they were offered "at public auction." The statute seems to make these words material, because in express terms it requires that they shall be placed in the tax-sale notice, and we do not think that it would be proper for us to hold that they are immaterial or unnecessary; but to hold as we do that these words are necessary, and that where the sale has been made upon a tax-sale notice in which these words have been omitted, the tax sale and the tax deed are voidable, but not void, will not result in any harm or hardship to any person. Considering such to be the law, the original owner of the land must either pay his taxes or lose his land; but he will not lose his land until after he has had ample time within which to redeem the same from the taxes. If this is the law, then the only effect of the aforesaid omission will be to extend the original owner's right to redeem his land from the taxes for the period of five years after the tax deed is executed and recorded. This, under the circumstances, would seem to be equitable as to all the parties. After such an omission from the tax-sale notice, an omission in direct violation of the express terms of the statute, it would seem that the title to the property should not irrevocably pass from the original owner to the tax-deed holder until the original owner had ample time within which to redeem his land from the taxes, and the five-years statute of limitations would evidently furnish and be the proper measure of such ample time.

The judgment of the court below will be affirmed.

All the Justices concurring.