J. J. HOFFMAN, *et al.*, v. S. J. GROLL.

1. TAX SALE; *Defective Notice; Voidable Deed.* A tax-sale certificate and tax deed assigned and issued under the provisions of chapter 43, Laws of 1879, depend for their validity upon the regularity of the anterior tax proceedings, and upon the sale which was made when the land was bid in by the county; and the omission to state in the notice of such sale that the land would be sold at public auction, is a defect which renders the tax deed voidable.

2. MORTGAGE; *Foreclosure; Testing Tax Deed.* When a tax deed is set up in an action to foreclose a mortgage with a view of extinguishing the mortgage lien, the mortgagee has a right to question and have settled the validity of the tax deed, and in such a case no tender of the taxes paid was necessary.

3. INVALID TAX DEED; *Amount of Recovery by Holder.* Where such a tax deed is held to be invalid, the holder can only recover the reduced amount actually paid by him under the order of the county commissioners upon the tax-sale certificate, together with the interest thereon, instead of the full amount of taxes, interest and penalties, which were legally charged against the land.

4. INTEREST—*Amount of Recovery.* When a tax deed has been adjudged invalid, the holder can only recover interest on the amount found due for taxes at the rate of seven per cent. per annum from the date of the judgment. (*Corbin v. Young,* 24 Kas. 198.)

*Error from Anderson District Court.*

ACTION begun by *S. J. Groll,* to recover upon a promissory note and to foreclose a mortgage given upon a tract of land in Anderson county to secure the payment of the note. *J. J. Hoffman,* one of the defendants, claimed to have acquired title to the land by tax proceedings, and that the mortgage lien had been extinguished by virtue of a tax deed executed by the county clerk of Anderson county, on the 4th day of November, 1884. Belinda A. Foster, another of the defendants, claimed an interest in the same land through a mortgage executed on the 15th day of April, 1884, by J. J. Hoffman, to secure the payment of his promissory note for $326.50. A trial was had at the March Term, 1885, without a jury, and the following

special findings of fact and conclusions of law were made by the court:

"1. On and prior to September 15, 1870, one E. S. Niccolls was the owner in fee of the land in question, to wit: The S. $\frac{1}{2}$ of N.E. $\frac{1}{4}$ of N.W. $\frac{1}{4}$ S. 29, T. 20, R. 20, in this county. On that day he mortgaged said lands (his wife joining him) to the plaintiff to secure the payment of his note of the same date for $1,000, due in two years, with interest at twelve per cent. per annum. There is now due to the plaintiff on this note and mortgage the sum of $2,480, and the plaintiff's mortgage is a lien on said land for the payment thereof, unless divested by the tax sale and deed thereon, hereinafter referred to.

"2. This land was subject to taxation for the year 1873, and such taxes being delinquent, on the 8th day of May, 1874, it was offered for sale at the tax sale for that year, and could not be sold for the taxes and charges thereon, and was therefore bid off by the county treasurer for the county of Anderson. The subsequent taxes of 1874, 1875, 1876, 1877, 1878, 1879, 1880, 1881, and 1882, were not paid, but charged up against said land, and the certificate remained unassigned, no person having offered to purchase the same for the taxes, penalties and costs due thereon; and the county treasurer did, on the first day of May, 1884, in pursuance to an order of the board of county commissioners, execute, and the county clerk did assign, the tax-sale certificate for said property to the defendant, J. J. Hoffman, for the sum of $265.50, for the taxes of the years from 1873 to 1882, inclusive. A copy of this assignment is attached to the answer of defendant Hoffman, filed herein, August 2, 1884. J. J. Hoffman thereupon took actual possession of the land under this certificate on May 1, 1884, and has ever since remained in the actual possession of the same, and has made lasting and valuable improvements thereon, of the value of ninety dollars.

"3. On the 4th day of November, 1884, pending this suit, the county clerk made and delivered to said J. J. Hoffman a tax-title deed upon the sale and certificate above referred to, which deed is attached to and made a part of the supplemental answer of the defendant Hoffman, filed herein, January 14th, 1885, and is made a part of this finding.

"4. On the 2d day of September, 1884, at the tax sale in said county for that year, the said land was again sold to said J. J. Hoffman, for the delinquent taxes of 1883, amounting,

with costs and penalties, to $6.34, and a certificate issued accordingly; a copy whereof is also attached to said supplemental answer.

"5. On the tax-roll of 1873, in this county, the land in question is thus described and assessed: '30 A, S. ½ and S. ½ of N. ½ N.E. of N.W. ¼ 29, 20, 20, Co. tax $1.80, Tp. 22 cts., Sch. Dist. tax $3.15, Sch. bond tax $3.15, Del. Rd. tax 80 cts., R. R. tax $3.38; total tax $15.20, penalty $1.01.'

"6. The tax-sale record of 1874 (taxes of 1873) shows with reference to this land as follows: 'No. of cert. 580, May 11; S. ½ of N.E. of N.W. ¼ 29, 20, 20; name of purchaser, Anderson county; amt. for which sold, $11.50; tax '74, $12.42; '75, $13.79; '76, $19.42; '77, $13.59; '78, $13.55; '79, $12.31; '80, $8.78; '81, $8.13; '82, $7.85. To whom assigned, J. J. Hoffman, May 1, 1884. Amt. $265.' The amounts named opposite each year above are the delinquent taxes for the said years respectively charged up against said land. At the date of the assignment to J. J. Hoffman there were due taxes, penalties, costs and charges on this land, computing interest and charges as allowed by law, $455.29, not including taxes of 1883.

"7. The delinquent tax notice for the taxes of 1873, published in 1874, was in the following form:

"'County Treasurer's Office,

"'Garnett, Anderson County, Kas., March 10, 1874.

"'All persons interested are hereby notified that so much of each tract of land and town lot as may be necessary for that purpose, will be sold by me at my office on the first Tuesday of May, 1874, and the days next succeeding, for the taxes of 1873, and charges thereon.

E. S. Hunt, *County Treasurer.*'

[Here follow numerous descriptions of land, among them this: S. ½ of N.E. qr. of N.W. qr. S. 29, T. 20, R. 20.] The above notice was published as required by law.

"8. The final (or redemption) tax notice for the taxes of 1873, published in December, 1876, was as follows:

"'Final Tax Notice.—Whereas, the following lands and town lots have been sold for taxes, to wit: On the 6th day of May, 1874, and the following days, to include the 12th day of May, 1874; and whereas, said lands and town lots have not been redeemed from said sale, as required by law, now, therefore, notice is hereby given that unless the said lands and town lots are redeemed on or before the 6th day of May, 1877, the same will be conveyed by tax deed to the purchaser: S. h. N.E. q. of N.W. q., S. 29, T. 20, R. 20, A. $26.79. The amount set opposite each sale does not include the subsequent taxes.

"'Given under my hand, at Garnett, Kansas, December 19, 1876.

. E. Payn, *Treasurer.*'

"The above notice was published in a weekly newspaper of

the county for four consecutive weeks from and after December 23, 1876.

"9. On January 29, 1872, E. S. Niccolls and wife conveyed to D. Markel the S. ½ of N. ½ of N.E. ¼ S. 29, T. 20, R. 20, 10 A., which was recorded March 24, 1872; and before May 11, 1874, Markel paid taxes for 1873, on this ten acres, $5.

"10. For certain county printing, including the delinquent list and notice set out in the 7th finding, the county had a contract with the printer, whereby it paid only two cents for each description of land in said notice for each insertion. And for the final redemption notice set out in the 8th finding, the county by its contract with the printer paid 35 per cent. less than legal rates. The full legal rates allowed for printing were charged up against this land for publishing said delinquent list, viz., twenty-five cents, instead of the lesser sums actually paid, and formed a part of the charges for which the sale was made.

"11. On the 15th day of April, 1884, the said J. J. Hoffman executed and delivered a mortgage on said land to secure the payment of his promissory note of the same date, to the defendant, Belinda A. Foster, for $326.50, upon which there is now due the sum of $359.15."

### CONCLUSIONS OF LAW.

"1. The delinquent tax notice was insufficient to uphold the sale made on the 8th day of May, 1874. The statute is mandatory, requiring that the notice shall state that the sale will be 'at public auction.' The notice in this case was fatally defective in this respect.

"2. The sale is invalid because a larger sum was charged against the land for printing the delinquent notice than was actually paid therefor under contract with the printer, and because a part only of a tract of thirty acres assessed in bulk was sold for a portion of the entire tax.

"3. The final or redemption notice was insufficient to uphold the deed based upon it, in two particulars: first, the time stated for making tax deeds is indefinite and uncertain, and provided for a deed before the expiration of the three years; second, it omits what the statute plainly requires, namely, a statement of the amount of taxes and interest calculated to the last day of redemption.

"4. The tax deed must be set aside, and an account taken of the taxes, interest and charges paid by the defendant Hoffman, and the interest due him thereon, which is the first lien

upon said lands, and out of said sum the defendant Belinda A. Foster must be paid the amount due her under the 11th finding of fact.

"5. A judgment of foreclosure and sale may be entered, and out of the proceeds arising therefrom the liens above declared are to be satisfied in the order of their priority, together with costs."

A decree was entered which directed that the proceeds of the foreclosure sale should be applied, first, to pay Hoffman the amount of taxes, interest and charges paid by him, together with the agreed value of the improvements upon the land, amounting in all to $426.95; and the decree directed further, that the defendant Foster should, out of that amount, be paid what was necessary to satisfy her mortgage; second, to the costs of the case; third, to the satisfaction of the judgment for $2,480, rendered in favor of the plaintiff Groll. *Hoffman* excepted to the conclusions of law and to the decree entered, and comes here seeking a reversal.

*J. W. Deford,* for plaintiffs in error.

*Johnson, Poplin & Johnson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The makers of the note and mortgage upon which this action was brought, have made no defense. J. J. Hoffman, who was made a defendant in the action, claimed under a tax deed, which, if valid, would extinguish the mortgage lien, and vest the absolute title to the land in himself. The mortgaged land was subject to taxation in 1873, and the taxes not being paid, it was offered for sale in 1874, and there being no bidders, it was struck off to the county. The subsequent taxes, for the years 1882 to 1884 inclusive, were not paid, but were charged up against the land. On May 1, 1884, the county clerk, by order of the board of county commissioners, and in accordance with the provisions of chapter 43 of the Laws of 1879, assigned the tax-sale certificate to Hoffman. The tax deed in question was based on that assignment, and was issued on the 4th of November following, and its validity

was the principal question before the court. It was held by the district court to be invalid for several reasons; the first of which is that the county treasurer in his notice of the tax sale omitted to state that the land would be offered for sale at public auction. The statute, in terms, requires that the land shall be sold at public auction, and also that the notice shall contain the statement that the sale will be so made. It has been held that the omission of this statement in the notice, if taken advantage of before the statute of limitation runs, will defeat the deed. (*Hafey v. Bronson*, 33 Kas. 598; *Belz v. Bird*, 31 id. 139; *Corbin v. Young*, 24 id. 198.) Counsel for Hoffman contends that the tax deed is not based on a sale made pursuant to the defective notice, but is based wholly on the authority of chapter 43, Laws of 1879. The first section of that act reads as follows:

"Whenever any lands or town lots that may have been or shall hereafter be sold for any taxes due thereon, that may have been or shall hereafter be bought in by any county for such taxes, are or hereafter shall be unredeemed for three years from date of such sale, and no person shall offer to purchase the same for the taxes, penalties and costs due thereon, the county commissioners of the county where such lands or town lots are located, may permit the owner, his agent or attorney, to redeem the same, or may authorize the county treasurer to execute, and the county clerk to assign, tax-sale certificates for such lands or town lots, for any sum less than the legal tax and interest thereon, as shall be in their judgment for the best interest of the county; which assignment shall have the same force and effect as if the full amount of all taxes, interest and penalties had been paid therefor: *Provided, however*, That no deed shall be issued upon any certificate so assigned until six months after such assignment has been made."

There is no authority given to the county commissioners in this section to make a sale of the lands which have been struck off to the county. They are only authorized to order the execution and assignment of tax-sale certificates for lands that have been previously sold for taxes. The assignment in such a case differs from an assignment of lands held by the county in other cases, only in this, that instead of the purchaser being

required to pay the full amount charged against the land, he may be allowed by the commissioners to purchase the interest of the county in the land for a reduced amount. The tax-sale certificate executed by the county treasurer and assigned by the county clerk under this statute, is based upon the anterior tax proceedings, and upon the sale which was made when the land was bid in by the county; and therefore a legal notice of the sale is a prerequisite to the validity of the tax deed issued under the statute, and the omission to state in the notice that the land would be sold at public auction must be held to be a fatal defect in the deed in question.

The mortgagee was at liberty to question the validity of Hoffman's tax title, as he held under the original owner, and may protect the interest conveyed by the mortgage to the same extent as the original owner might do. It being an action to foreclose the mortgage, Hoffman, who claimed an interest in the land, was properly made a defendant. He set up his tax title, which, if upheld, divested the mortgage lien, and it was the duty of the court to determine the existence and priority of the liens claimed by the respective parties, and in such a case no tender of the taxes was necessary. The whole matter was before the court for equitable adjustment, and as the foreclosure has been decreed, the proceeds of the sale will be brought into court for distribution, and the interest of the holder of the invalid tax deed is fully protected.

The only other question which we need to notice is as to the amount allowed by the court to Hoffman. He was allowed $265.50, which was the amount actually paid to the county on the tax-sale certificate, together with interest thereon, and the value of the improvements, but he claims that he was entitled to receive $455.99 — the full amount of taxes, interest and penalties legally charged against the land. Section 142 of the act relating to taxation provides that the successful claimant in an action where the tax deed is found to be invalid, shall be adjudged to pay the holder of the tax deed, or the party holding under him, the full amount of all taxes paid on such land. By § 2 of the chapter under which the cer-

tificate was assigned and the deed issued, it is provided that the party desiring to redeem as therein prescribed —

"Shall pay to the purchaser or holder of the tax certificate, his heirs or assigns, in money, the amount paid for the property, and all subsequent taxes paid thereon, with interest from the date of each payment, at the rate of twenty-four per cent. per annum."

The court allowed the full amount to which he would have been entitled if the land had been redeemed, and he is entitled to no greater sum where the deed is held to be invalid.

The further claim of Hoffman for a greater rate of interest than was awarded by the court, has been determined against him. By the terms of the decree he was to receive interest at seven per cent. per annum on the amount of recovery from that date, the same as an ordinary judgment draws; and it has been decided that the amount due for taxes in any action in which the tax deed is set aside, draws interest thereafter at the rate of seven per cent. (*Corbin v. Young*, 24 Kas. 198.)

The judgment of the district court will be affirmed.

All the Justices concurring.