ANNIE M. NESBIT, *Appellee*, v. HENRY BEARMAN, *Appellant*.

No. 16,649.

### SYLLABUS BY THE COURT.

1. WORDS AND PHRASES—*"Purchaser at Any Tax Sale"*—*Grantee in Compromise Tax Deed.* The assignee of a tax-sale certificate of lands bid in by the county for delinquent taxes who takes out a compromise tax deed is a purchaser at a tax sale.

2. COMPROMISE TAX DEED—*Clerk May be Required to Include More than One Tract.* Chapter 248 of the Laws of 1889, entitled "An act concerning tax deeds" (Gen. Stat. 1909, § 9480), which authorizes a purchaser at any tax sale where more than one tract of land is sold to require the county clerk to include all such tracts in one deed, applies to a compromise tax deed.

3. —— *Separate Tracts Sold to the Same Purchaser at Separate Tax Sales.* A compromise tax deed which has been of record more than five years is not void for the reason that it includes separate and disconnected tracts of land which were sold to the same purchaser at separate tax sales.

Appeal from Stanton district court. Opinion filed July 9, 1910. Reversed.

*George Getty*, for the appellant.

*Thomas A. Scates*, and *Albert Watkins*, for the appellee.

The opinion of the court was delivered by

PORTER, J.: A compromise tax deed which had been of record more than five years and under which the appellant claimed title was held to be void on its face.

The objection to the deed is that it includes several separate and disconnected tracts of land which were not sold at the same tax sale. In support of the judgment of the district court the appellee contends that there is nothing in the statutes to authorize the county clerk to include in a compromise tax deed several

tracts of land unless all the tracts were sold at one sale. Section 9480 of the General Statutes of 1909 (Laws 1889, ch. 248) provides:

"In any case where any purchaser at any tax sale shall purchase more than one parcel or tract of land or lots, he may require the county clerk to include all such lands or lots in one deed, stating the amount of tax, interest and penalty for which each separate tract is sold and conveyed, the sum of which separate amounts shall be the gross or aggregate consideration of the deed."

The appellee's contention is that this section has no application to compromise tax deeds; that the grantee of a compromise deed is not a "purchaser at any tax sale." The appellant agrees to this contention, but, on the other hand, argues that the county clerk always had authority to include in one tax deed separate tracts of land sold to the same purchaser; that prior to the enactment of the statute it was optional with the clerk whether to make one or more deeds; and that the only purpose of the statute was to authorize the purchaser to *require* the clerk to do so in cases of ordinary tax deeds. The appellant therefore concedes that he could not have required the clerk to include more than one tract in this deed, because it is a compromise deed, but claims that, no statute being necessary to authorize separate tracts to be included, the deed is valid.

In our opinion both parties are in error with respect to the application of section 9480, as well as to the definition of a "purchaser at any tax sale." Lands bid in by the county at a tax sale are sold as much as though they were bid in by an individual. The compromise statute speaks of the transaction as a sale for taxes of lands which are bought in by the county. The assignee takes from the county a tax-sale certificate. In *Hoffman v. Groll,* 35 Kan. 652, where the notice of the tax sale was defective, it was contended that the tax deed was not based on a sale made pursuant to the

defective notice, but wholly on the authority of the compromise statute. In overruling this contention the court said that "the tax-sale certificate executed by the county treasurer and assigned by the county clerk under this statute is based upon the anterior tax proceedings, and upon the sale which was made when the land was bid in by the county" (p. 658), and it was therefore held that a legal notice of the sale was a prerequisite to the validity of the deed. It is apparent therefore that the assignee of a tax-sale certificate of lands bid in by the county for delinquent taxes who takes out a compromise tax deed is as much a purchaser at a tax sale as though he had purchased at a regular sale for taxes.

The provision authorizing a purchaser to require the clerk to include separate tracts in one tax deed was first enacted in 1868. (Gen. Stat. 1868, ch. 107, § 115.) At the general revision of the tax law in 1876 the section was omitted. It was reënacted in 1889 as a separate act, the title of which is, "An act concerning tax deeds." (Laws 1889, ch. 248, Gen. Stat. 1909, § 9480.) In the meantime the compromise tax law had been adopted (Laws 1879, ch. 43; see Gen. Stat. 1909, § 9475), so that the act clearly applies to all tax deeds, whether based upon an ordinary tax sale or a compromise. The title of the act is as broad as language can make it. It concerns tax deeds.

There is the further contention of the appellee that the word "any," as used in this section, has a restrictive, or singular, sense, and that the statute means the same as though it read "where any one purchaser at any one tax sale," etc. We see no reason for giving the statute this restricted meaning. No rights of the owner of lands are in any way prejudiced by the inclusion in one deed of several tracts of land sold at different sales. The owner can easily ascertain from the description of each tract of land the date when the same was sold, the amount it was sold for, and the

amount for which the tax was compromised. The legislature obviously intended to avoid the unnecessary expense of executing and recording separate conveyances where one would answer the same purpose.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.