In the Matter of RICHARD BAKER et al., Petitioners, against SIGMUND H. HALPERN et al., Respondents.

County Court, Delaware County, April 24, 1946.

*Gleason B. Speenburgh* for petitioners.

*Manuel M. Voit* for respondents.

CURTIS, J. Prior to 1928 the remedy of summary proceedings was limited to cases where the conventional relation of landlord and tenant existed and also to a few other special cases, but was not available to one acquiring a tax title and desiring to evict an occupant.

In that year, section 1411 of the Civil Practice Act (subd. 5 added) was amended so as to extend the relief to a purchaser

under a tax deed. Section 1414 (subd. 2) was also amended so as to permit the application to be made by " the purchaser on a tax sale to whom a deed has been executed and delivered " (L. 1928, ch. 509).

The petitioners do not qualify as purchasers on the tax sale; they are grantees from the purchaser. No authority can be found which extends this summary remedy for the benefit of a subsequent grantee. It may be that an assignee of a tax sale certificate can be considered as a purchaser (see *Nesbit* v. *Bearman*, 83 Kan. 122) or that a subsequent owner may be considered as a purchaser for the purpose of recovering taxes he has paid on the premises between the time he acquired title and the time the tax sale is adjudged to be invalid (*Caruthers* v. *Greer*, 92 Ark. 167). On the other hand, cases can be found where the term " purchaser " is construed to mean only the original vendee and not a subsequent owner (*Anderson's Adm'r.* v. Bradley, 66 Ala. 263).

The language of subdivision 2 of section 1414 definitely precludes an attempt to secure possession under a tax title by any person other than the purchaser on the tax sale. The remedy is limited to " *the* purchaser " (italics supplied), the use of the definite article " the " being significant. This subdivision definitely limits the remedy to one obtaining his title " on a tax sale ". The petitioners seek to have the subdivision construed as though it read " a person acquiring title through a tax sale ".

The purpose of the remedy by summary proceedings is to avoid the delay frequently arising in an action of ejectment. It is intended to supply an expeditious procedure to one receiving a tax deed; not for the determination of controversies which might have been decided several years previously.

Reference is made to *Davis* v. *Palmer* (147 Misc. 93) where a subsequent grantee successfully maintained summary proceedings, but apparently in that case this point was not raised. Reference might also be made to *Brown* v. *Betts* (13 Wend. 29) where one of two purchasers at a sale under an execution transferred his interest to another person and the order in summary proceedings was sustained. This is quite a different situation; and, in any event, the provisions of the Revised Statutes under which the proceeding was maintained contained no definite restriction as to the persons permitted to institute the proceedings.

For the reasons stated, the proceedings are dismissed.