Don H. Stacy, J.
This is an appeal by defendant-appellant from a final order of eviction in summary proceedings in the above-entitled matter duly entered in Justice’s Court, Town of Schroeppel, County of Oswego, New York, on the 30th day of October, 1959.
The grounds for the appeal by appellant is that said Justice’s • Court has no jurisdiction to entertain a petition in summary proceedings based upon provisions of subdivision 5 of section 1411 of the Civil Practice Act. Subdivision 5 of section 1411 of the Civil Practice Act provides as follows:1 ‘ Where the property has been sold for unpaid taxes and a tax deed has been executed and delivered to the purchaser and he has complied with all provisions of law precedent to the right of possession and the time of redemption by the former owner or occupant has expired ”.
It appears in the petition herein that petitioners acquired interest in said premises in question by a conveyance from the Oswego County Treasurer in the name of the Board of Supervisors of said county, dated June 4, 1959, and recorded in the office of the County Clerk of Oswego County on June 16, 1959. It further appears that on the tax sale of 1954 for unpaid taxes of 1953 and the 1955 tax sale for unpaid taxes of 1954, the County Treasurer had bid said premises in on behalf of the County of Oswego, New York, prior to conveyance to petitioners.
Subdivision 5 of section 1411 of the Civil Practice Act employs use of the word “ purchaser The Tax Law describes a county buying or bidding at tax sales as a purchaser. The remedy created by article 83 of the Civil Practice Act, which includes section 1411 among its provisions, all relating to summary proceedings to recover possession of real property, is of statutory origin, and as such the same must be strictly construed.
The petitioners are not purchasers at a sale of property for unpaid taxes and have not been the recipients of an executed tax deed by delivery, nor have they complied with all provisions of law precedent to right of possession; they are subsequent grantees of the premises from the County of Oswego which was a purchaser under the provisions of section 151 of the Tax Law. If the Legislature intended to extend the relief created by sub *755 division 5 of section 1411 of the Civil Practice Act to a “person ” rather than a ‘1 purchaser ’ it appears that the statute would have to definitely employ the word “ person ”, “grantee”, “vendee”, or some other word of wider usage than “ purchaser ’ ’ construed with the balance of the subdivision in question. (Matter of Baker v. Halpern, 187 Misc. 130, 131.)
Therefore, the appeal of the appellant is sustained as matter of laiv, and the final order of eviction in summary proceeding entered on the 30th day of October, 1959, in Justice’s Court, Town of Schroeppel, County of Oswego, New York, is reversed and the petition is dismissed.
Submit order of reversal of final order of eviction consistent with this decision.