Harriet J. McCoun, Appellant, *v.* Amy K. Pierpont et al., Respondents.

**Real property — tax sale — alleged inadequacy of description of property sold for taxes — supposed defects examined and held not to be sufficient to invalidate the sale.**

Two objections are made to the adequacy of a description of property sold for taxes; one that the description appears only once, at the top of the column, and is not repeated by ditto marks; the other that the impression left by the stamping machine through which the entry was made, is not perfect on this page, with the result that, instead of the words, " Map No. 1, dated March, 1907," we have the words " Map No.    1907," the space between the word " No." and the figures " 1907 " being blank except for a faint blur.

Section 55a (formerly section 63) of the Tax Law (Cons. Laws, ch. 60) provides: " An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion." Applying that test, neither of the supposed defects is sufficient to invalidate the tax.

*McCoun* v. *Pierpont*, 195 App. Div. 726, reversed.

(Argued October 17, 1921; decided November 22, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 6, 1921, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

*William T. McCoun* for appellant. The assessments, notices of tax sale and tax sale deeds which are the subject of this action comply with the requirements of law relating thereto and are absolutely valid. (*Castleman* v. *Phillipsburg Land Co.*, 1 Tenn. Ch. App. 9; *Blackman* v. *Arnold*, 113 Wis. 487.) The arrangement of the description of the properties as set forth in the assessment roll affords no ground for declaring the assessment invalid. (*People* v. *Garmon*, 63 App. Div. 530; *Bennett* v. *Robinson*, 42 App. Div. 412; *Culmane* v. *Dixon*, 107 App. Div. 163.)

*James K. Foster* and *H. Stewart McKnight* for Nassau county treasurer, intervener. The description of the property contained in the assessment roll was " sufficiently accurate to identify the parcel or portion." (Cooley on Taxn. [3d ed.] 745; *Griffin* v. *Tuthill*, 74 Iowa, 219; *Ensley* v. *Coolbaugh*, 160 Mich. 299; *State* v. *Sadler*, 21 Nev. 13; *Am. Tool Co.* v. *Smith*, 32 Hun, 121; 96 N. Y. 670; *Chamberlain* v. *Taylor*, 36 Hun, 24; 105 N. Y. 185; *Ensign* v. *Barse*, 107 N. Y. 329; *Bird* v. *Perkins*, 33 Mich. 28.) The description of the lots in the notice of sale was sufficient. (*McQuade* v. *Jaffray*, 47 Minn. 328; *Gibson* v. *Pekarek*, 25 So. Dak. 281; *Blakemore* v. *Cooper*, 15 No. Dak. 5; *Tallman* v. *White*, 2 N. Y. 66; *Drew* v. *Morill*, 62

N. H. 23.)    The assessment roll correctly stated the name of the "reputed owner" of the assessed property.    Even if it did not do so, no advantage could be taken of this fact.    (*Smith* v. *Russell,* 172 App. Div. 793.)    There was no variance between the description of the lots contained in the tax deed and in the roll.    A difference between them is not material if the same land is described. (*Mitchell* v. *Pillsbury,* 5 Wis. 407; *People ex rel. Staples* v. *Sohmer,* 150 App. Div. 8; *City of New York* v. *Appleby,* 168 App. Div. 503; 219 N. Y. 76; *Drew* v. *Morill,* 62 N. H. 23; *Vetterly* v. *McNeal,* 129 Mich. 507; *Kennedy* v. *Auditor General,* 134 Mich. 534.)

*J. Boyce Smith, Jr.,* for respondent.    The decisions of both courts below condemn plaintiff's tax title upon three distinct grounds any one of which is sufficient to sustain the judgment.    (*People* v. *Metz,* 141 App. Div. 600; *Gibson* v. *Pekarek,* 25 So. Dak. 281; *Oliver* v. *Gourney,* 43 Minn. 69.)    The rule as to strict compliance with tax law provisions, the strong equities existing against plaintiff and public policy all militate sharply against plaintiff's claim.    (*Sanders* v. *Downes,* 141 N. Y. 422; *People* v. *Metz,* 141 App. Div. 600; *Hennepin Imp. Co.* v. *Schuster,* 66 Misc. Rep. 694; *Clason* v. *Baldwin,* 152 N. Y. 210.)

Cardozo, J.    In this action of partition, judgment must go for the one party or for the other as a claim of title under a sale for taxes is held valid or invalid.

The defendant Cranz bought from the Estates of Long Beach, on November 25, 1913, land described in the conveyance as being " known as and by the lot numbers 65, 66, and 67, in Block 126 on a map entitled ' Estates of Long Beach, L. I., William H. Reynolds, President, Map No. 1, Chas. W. Leavitt, Jr., Landscape Engineer, 220 Broadway; New York City,' dated March, 1907, and filed as map No. 31 in the offices of the Clerk of the County of Nassau, on April 20, 1911."    The county of Nassau attempted to sell these lots in March,

1917, for the taxes of 1913, amounting to $11.04. The sale was followed in July, 1918, by the deed of the county treasurer. Questions are raised in respect both of the validity of the assessment and of the regularity of the sale.

The assessment is entered on page 282 of the assessment roll for 1913. The first column is headed " name of subdivision." Immediately under the heading are the words " Estates of Long Beach, Long Beach, L. I., William H. Reynolds, President, Map No.        1907, Chas. W. Leavitt, Landscape Eng., 220 Broadway, N. Y. City, Filed in County Clerk's ·office, Nassau Co., N. Y., April 20, 1911." In another column are entered the numbers of· the lots; those involved here, Nos. 65, 66 and 67, appearing on the fifteenth, sixteenth and seventeenth lines, near the bottom of the page. Two objections are made to the adequacy of this description: one that the description appears only once, at the top of the column, and is not repeated by ditto marks; the other that the impression left by the stamping machine through which the entry was made, is not perfect on this page, with the result that, instead of the words, " Map No. 1, dated March, 1907," we have the words " Map No.        1907," the space between the word " No." and ·the figures " 1907," being blank except for a faint blur. We think that neither of the supposed defects is sufficient to invalidate the tax.

Section 55a (formerly section 63) of the Tax Law (Consol. Laws, ch. 60) provides: " An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion." That is the standard to be applied to-day. If support for ·one less liberal may be found in early cases, the authority of the cases yields to the mandate of the statute.

We find it impossible to believe that a diligent tax-

payer, anxious, in good faith, to identify his land, could be misled by the omission of ditto marks beneath the words of description. Those words would certainly be understood to apply throughout the column, until some other description was reached, and a change thereby announced. Assessments like in form have been sustained in other states (*Auditor General* v. *Sparrow*, 116 Mich. 574, 585; *Griffin* v. *Tuttle*, 74 Iowa, 219; *Van Ostrand* v. *Cole*, 131 Wis. 446; *State* v. *Sadler*, 21 Nev. 13). Decisions in this state suggest the same conclusion, though their facts do not render them precisely apposite (*Am. Tool Co.* v. *Smith*, 32 Hun, 121; affd., 96 N. Y. 670; *Chamberlain* v. *Taylor*, 36 Hun, 24; affd., 105 N. Y. 185; *Ensign* v. *Barse*, 107 N. Y. 329, 338). The case is one, however, where there is little need of precedents. The verdict of common sense in such a situation is the verdict also of the law. That verdict, we think, must be that misconception is impossible.

Applying the same test, we hold that the assessment is not void because of the failure to insert the number of the map. The identifying marks are too many and varied to make the blank deceptive. We have the name of the tract, the name also of the engineer, and the place and date of filing. In another column, under the heading " block number " is the number 126, which is the block number in the deed to Cranz. A third column gives the number of the school district, and a fourth the number of the lots. There is nothing in the record to indicate that the owner was in fact misled through the omission of the assessors to add to all these identifying marks by filling in the blank reserved for the number of the map. The finding is to the effect that only one map of the Estates of Long Beach was on file in the office of the county clerk. In such circumstances the chance of confusion becomes negligible. The description, in the words of the statute, " is sufficiently accurate to identify " the land (Tax Law, *supra*).

We find no irregularity in the form of the notice of sale. The lot numbers relate back to the description of the tract. Doubtless, safety would be promoted if the description were printed in heavier type. Such things, however, are matters of judgment and discretion. They do not bear on jurisdiction.

The case is, no doubt, a hard one. The tax is trivial in amount. The failure to pay it, we may assume, was inadvertent. The hardship does not justify us in magnifying microscopical defects and using them as an excuse for a refusal to enforce the statute. The statute authorizes sales for taxes. The period of redemption which it concedes is not indefinite, but limited. The power of dispensation is not confided to the courts.

The judgment of the Appellate Division and that of the Special Term should be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.