affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

ISIDOR LACHINSKY, Appellant, v. HARRY TRAUB, Respondent.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ.

MILDRED LUNDBERG, Respondent, v. HENRY LUNDBERG, Appellant. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Jaycox, Manning and Kelby, JJ., concur; Rich, J., votes to reduce the alimony to fifty dollars per week, in accordance with the report of the referee.

MILDRED LUNDBERG, Respondent, v. HENRY LUNDBERG, Appellant. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

MILDRED LUNDBERG, Appellant, v. HENRY LUNDBERG, Respondent. (Appeal No. 3.) — Order in so far as appealed from affirmed, without costs. No opinion. Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK BRUSTEDT, Appellant.— Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Blackmar, P. J., Rich, Kelly, Manning and Kelby, JJ., concur.

SAFETY NIGHT LIGHT Co., INC., Appellant, v. ANTONINA MACHCINSKI and Others, Respondents.— The failure to give notice created no cause of action. We are of opinion, however, that the complaint alleges a cause of action for trespass upon plaintiff's property. The order is, therefore, reversed upon the law and the facts, and a new trial granted, costs to abide the event. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

HELEN STAFUTTI, Appellant, v. WALTER E. SEXTON, Respondent.— Judgment affirmed, without costs. We think this case is governed by the decision of the Court of Appeals in McCoun v. Pierpont (232 N. Y. 66), and we feel obliged to follow that decision. Jaycox, Manning and Kelby, JJ., concur; Blackmar, P. J., dissents upon the ground that the description is so indefinite and vague that without exterior aid the land cannot be identified; that a slight defect should be enough to prevent the defendant from obtaining for $3.66 land worth at least $1,200, especially as the owner has paid taxes for several years after the tax sale, with whom Rich, J., concurs.

JOHN THEOPHANOLAS, Respondent, v. LINDLEY M. GARRISON, as Receiver of NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Kelly, Manning and Kelby, JJ.

MARY T. THORNE, Appellant, v. NORRIS E. THORNE, Defendant.— Judgment affirmed, without costs, on the sole ground that there is no sufficient proof in that there is no evidence showing that the Norris E. Thorne mentioned in plaintiff's Exhibit 1 is the defendant in this action. Blackmar, P. J., Rich, Jaycox and Manning, JJ., concur; Kelby, J., votes to reverse and grant the decree of annulment.

LAURA E. TIBBETTS, Respondent, v. MAX THORN, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Blackmar, P. J., Rich, Jaycox, Manning and Kelby, JJ.