FRANK BLUM, Appellant, *v.* THE NASSAU PURCHASING AND BUILDING CORPORATION et al., Defendants, and CHARLES KEMLEIN, Respondent.

(Submitted April 15, 1931; decided May 12, 1931.)

*Eugene L. Flanagan* for appellant.   The descriptions in the tax deeds and proceedings prior thereto as offered in evidence were not only reasonably certain but absolutely certain as to what premises were conveyed.   (*Hennepin Imp. Co.* v. *Schuster*, 66 Misc. Rep. 634; *Darrow* v. *Terry*, 202 App. Div. 733; *Staffutti* v. *Sexton*, 202 App. Div. 735; 235 N. Y. 610; *People ex rel. National Bank* v. *Metz*, 141 App. Div. 600.)   The map title at the head of the page of assessment rolls and other proceedings prior to the tax deed is all that is necessary and such title is not necessary after each lot entry on the page nor need there be ditto marks.   (*McCoun* v. *Pierpont*, 232 N. Y. 66.)

*Percy D. Stoddart* for respondent.   The description in the assessment roll upon which the tax deeds are based, and the descriptions in the tax deeds, are vague, indefinite and void, and such being the situation respondent cannot be deprived of his title.   (*McCoun* v. *Pierpont*, 232 N. Y. 66; *People ex rel. National Park Bank* v. *Metz*, 141 App. Div. 600; *Lawton* v. *City of New Rochelle*, 114 App. Div. 884; *Rhinehart* v. *O'Connor*, 173 App. Div. 942; *Rupert* v. *Village of North Pelham*, 139 App. Div. 302; *Tolman* v. *White*, 2 N. Y. 66; *Stout* v. *Masten*, 139 U. S. 151; *Hill* v. *Mowry*, 6 Gray, 551; *Matter of N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 342.)

POUND, J.   This action, in form one in partition, is in substance one to test the validity of certain tax deeds whereby plaintiff and defendant Nassau Purchasing and Building Corporation claim title to the real property in question.

The correct description of the property to which defendant Kemlein acquired title as set forth in his deed is as

follows: "All that certain tract, piece or parcel of land, situate, lying and being at Floral Park, Town of Hempstead in the County of Nassau and State of New York, known and designated on a certain map entitled ' Map of Floral Park Homes, situate in Floral Park, Town of Hempstead, Nassau County, New York,' belonging to the House and Home Company, surveyed by C. W. Darling, C. E., and City Surveyor and filed December 12, 1905 in the office of the County Clerk of Nassau County, being lot known as and by the number thirty-five (35)."

The description in the tax deeds is as follows: "All that certain lot, piece or parcel of land, situate in the Town of Hempstead, County of Nassau and State of New York, described as follows, viz: District 22, Map of Floral Park Homes, Lot 35."

The description on the assessment rolls is as follows: At the top of the page appear the words, " Map of Floral Park Homes, situate at Floral Park, Town of Hempstead, Nassau County, N. Y., Property of the House and Home Co., Chas. W. Darling, C. E., Mineola and Babylon, N. Y." On the twenty-ninth line from the top of the page appears a blank line, then follow the figures 35.

Objection is made (a) that the name of the map is incorrectly set forth at the top of the page; (b) that there is nothing in the way of ditto marks or name to connect lot 35 either with the map or the individual owner.

Tax Law, section 55-a, provides as follows: " § 55-a. Errors in assessment-rolls. An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion. * * *." (Cons. Laws, ch. 60.)

" That is the standard to be applied to-day. If support for one less liberal may be found in early cases, the authority of the cases yields to the mandate of the statute. * * *. The verdict of common sense * * * is the verdict also of the law." (CARDOZO, J., in

*McCoun* v. *Pierpont,* 232 N. Y. 66, 69, 70.) What then is the verdict of common sense in this controversy?

The map is properly designated on the assessment rolls and the tax deeds as " Map of Floral Park Homes " but it is not identified as having been filed in the office of the County Clerk of Nassau county. There is only one map of Floral Park Homes and the merest novice in title searching would look for it first in Nassau County Clerk's office which is the proper place to file such maps. Thereon he would find lot 35 and his curiosity as to the meaning of the assessment would be gratified. The owner could not be misled for the description is " sufficiently accurate " to identify the land as assessed with the land described in his deed.

The lack of ditto marks would neither deceive nor mislead " a diligent taxpayer, anxious, in good faith, to identify his land." (*McCoun* v. *Pierpont, supra.*) He would understand that the rolls referred to numbers on the Floral Park Homes map until something indicated the contrary. We are not concerned with those who to escape taxation split hairs and quibble over fair meanings.

The cases on the authority of which the motion to confirm the referee's report was denied must yield to the reasoning and decision in the *McCoun* case which places its disapproval on the rejection of tax titles for errors in description too trifling to justify a refusal to enforce the tax levy.

The judgment of the Appellate Division should be reversed, the referee's report confirmed and judgment of partition granted thereon, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.