MILTON E. DAVIS, Petitioner, *v.* STARR PALMER, Defendant.

County Court, Madison County, March 29, 1933.

*R. D. Woolsey*, for the petitioner.

*Coley & Kiley*, for the defendant.

CAMPBELL, J. The petitioner obtained his title by quitclaim deed from one Bailey and Bailey secured his title from one Nichols, who received his title through tax sale deed. The property described in the tax sale deed was sold by the county of Madison in the year 1927 for default in payment of the taxes for the previous year. The property is located in the town of Georgetown, Madison county, and the defendant claims to be entitled to possession under a contract made with one R. D. Lee, the date of which contract preceded the time of the tax sale to Nichols. Mr. Lee received his title by deed or deeds which were never recorded.

Defendant contends that the description contained in the assessment roll was so inadequate and erroneous that no title was conveyed to petitioner's predecessor or predecessors. It is evident that the acreage stated in the tax deeds and the assessment roll

is the same as the actual acreage contained in the farm involved in this litigation. The tax roll contained the following description: " Sabine-Edw-1926 Taxes 167 Acres Bounded N by Stone E by Holmes- S by Faucett- W by Lowe   District # 1   Value $400."

The total acreage mentioned in the two tax deeds is 167.

It appears as a fact from the evidence of witness Fred Allard, formerly an assessor, and now supervisor from the town of Georgetown, where the farm in question is located, that that part of the description contained in the tax deeds and assessment roll — " W by Lowe "— was a mistake and it does not definitely appear what the correct description as to this boundary should be. Therefore, the question before the court for decision is whether or not this error in description is sufficient to invalidate the tax deeds and consequently to deprive the petitioner of a right to possession.

Section 55-a of the Tax Law provides as follows: " An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion. The entry of the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as part of such assessment, but merely as an aid to identify such parcel upon the roll."

*McCoun* v. *Pierpont* (232 N. Y. 66) is a case where the Court of Appeals held that the failure to insert the number on a map of the property would not invalidate the tax deed. To the same effect is *Blum* v. *Nassau P. & B. Corp.* (256 N. Y. 232, 234), where a question was raised as to the accuracy of the description on the assessment roll and that it failed to connect the lot with the map or individual owner.

In *McCoun* v. *Pierpont* (*supra*) Chief Judge CARDOZO said: " The verdict of common sense in such a situation is the verdict also of the law." Judge POUND, writing the opinion in the *Blum Case* (*supra*), said: " The cases on the authority of which the motion to confirm the referee's report was denied must yield to the reasoning and decision in the *McCoun* case, which places its disapproval on the rejection of tax titles for errors in description too trifling to justify a refusal to enforce the tax levy." Applying the rule of common sense it would not require a description as detailed and exact to identify premises in a rural ·section as in a thickly populated locality or as in the case of parcels designated on a map or plot being of similar dimensions but having little more to identify such parcels than the numbers on the map. In such a case it might be far more difficult to locate a parcel where the number was missing than it would be where one of the boundaries was erroneously

given as in the case of a farm where the description contains the name of the occupant at the time the assessment was made.

There is nothing in the record from which the court can find that this description would lead to a misconception by one who sought to identify the property. It would hardly be possible to confuse it with any other parcel.

The evidence is somewhat conflicting as to whether any proper notice was given as required by the Tax Law, although the court is of the opinion that the weight of testimony on this point is sufficient to sustain a finding that the law was complied with in this respect. However, more than three years have elapsed since the recording of the tax deed and, following the decision in *Mabie* v. *Fuller* (255 N. Y. 194) the tax deed has become absolute.

Therefore, the prayer of the petitioner is granted and an order may be prepared and submitted in accordance with this decision.