RAMOT REALTY CORPORATION, Respondent, *v.* MANETTO HOLDING CORPORATION and Others, Appellants, Impleaded with SEAMAN, TALIAFERRO & EISEMANN, INC., and Others, Defendants.

Second Department, December 11, 1939.

*Morris Rochman* [*Aaron L. Rochman* with him on the brief], for the appellants.

*Emanuel Forst,* for the respondent.

PER CURIAM. The action is for the foreclosure of a tax sale certificate affecting certain real property in Nassau county.

· Section 11 of the Nassau County Tax Act (Laws of 1916, chap. 541) incorporates by reference section 21 of the Tax Law. Section 70 of the act provides that the entire Tax Law shall apply to the collection of taxes in Nassau county except in so far as it is inconsistent with the said act. This provision makes sections 21 and

55-a of the Tax Law applicable herein. Section 55-a is not inconsistent with any provision in the Nassau County Tax Act. Applying the tests prescribed in sections 21 and 55-a of the Tax Law to the assessment herein, the cases require a holding that the description of the property on the assessment rolls was sufficient to identify the parcel assessed to any one examining them in good faith. The error with respect to the easterly boundary could not mislead in view of the quantity of the land, one-eighth acre, being correctly given. The three other boundaries (public streets) clearly indicated that the one-eighth acre was inclosed within these three streets and, therefore, did not extend to the east farther than needed to encompass one-eighth of an acre and, consequently, did not include the Schwartz parcel. This precluded any one being misled into thinking that the Schwartz parcel was assessed as part of the Manetto Holding Corporation parcel, against which latter name the assessment was correctly made. Especially is this so when it appears without dispute that the Schwartz parcel was separately assessed.

Moreover, the grievance, if any, of the owner of the property was at best a form of seeming overvaluation, subject to redress by certiorari, and the claimed grievance could not be made the basis of a collateral attack. (*McCoun* v. *Pierpont*, 232 N. Y. 66; *Blum* v. *Nassau P. & B. Corp.*, 256 id. 232; *Kamern* v. *Cottle*, 241 App. Div. 908; *Matter of Morewood Realty Holding Co.* v. *Bd. of Supervisors*, Id. 841; affd., 265 N. Y. 520; *Harway Improvement Co.* v. *Partridge*, 220 App. Div. 595.)

The earlier cases upon which appellants rely (*Erschler* v. *Lennox*, 11 App. Div. 511; *Gehrhardt* v. *Schwartz*, 102 id. 389) were decided under different statutes, may be distinguished on their facts, and, in any event, must yield to the later cases decided under the statutes which govern the case at bar.

The judgment of foreclosure and sale should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Judgment of foreclosure and sale unanimously affirmed, with costs.