JOSEPH KELLER et al., Appellants, *v.* ALFRED W. LEVY et al., Defendants, and MAX GRESACK et al., Defendants-Respondents.

First Department, April 9, 1943.

*Harry Hoffman* of counsel (*William J. Cohen* with him on the brief; *Guggenheimer & Untermyer,* attorneys), for appellants.

*Albert Adams* for respondents.

*Per Curiam.* It was improper, on a motion under rule 106 of the Rules of Civil Practice for dismissal of the second cause of action of the complaint for insufficiency, to grant said motion upon the stated ground that the complaint was unduly repetitious in violation of section 241 of the Civil Practice Act. Not only was the ground relied on for dismissal not invoked by the notice of motion, but the motion did not search the sufficiency of the complaint as a whole.

In any event, the second cause of action was not unduly repetitious of the first cause of action. The gist of the first cause of action was that defendants, who were officers and directors in control of the affairs of a certain corporation had misrepresented the affairs of the corporation to plaintiffs who were each the owner of one-sixth of the capital stock of the corporation, and thereby fraudulently induced plaintiffs to sell their stock. The second cause of action added to these allegations of fraudulent misrepresentation a claim that the defendants' acts had been part of a conspiracy between them. It is true that, ordinarily, a charge of conspiracy, in and of itself, does not give ground for civil relief, unless followed by allegations of overt acts, and resulting injury. Accordingly, the gravamen of a charge of conspiracy to defraud might well be the charge of fraud. But from this it would not follow that allegations of conspiracy would add nothing to a cause of action involving alleged fraudulent misrepresentations. The conspiracy, if established, might well render all defendants liable for each other's acts in furtherance thereof, and thus broaden liability. It is evident that the second cause of action in the present complaint is more comprehensive than the first. While it may be that the second cause of action was broad enough to include the allegations found in the first, the converse was not true. The second

cause of action, standing alone, was clearly sufficient on its face, and was improperly dismissed.

The order should be reversed, with twenty dollars costs and disbursements and the motion denied, with leave to the defendants-respondents to answer within ten days after service of order on payment of said costs.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements and the motion denied, with leave to the defendants-respondents to answer within ten days after service of order, on payment of said costs.