DILLWOOD CORPORATION, Plaintiff, *v.* BARBARA B. MANNING, Defendant.

Supreme Court, Special Term, Suffolk County, May 18, 1945.

---

*Clifford C. Edwards* for plaintiff.

*John A. O'Keeffe* and *Raymond A. Smith* for defendant.

HOOLEY, J. This action is brought to remove a cloud upon plaintiff's title to certain property. Plaintiff seeks in said action to cancel, as void, a tax deed and certain tax sale certificates.

The property in question, consisting of seven and one-half acres of vacant land, is situated in Suffolk County. The **plot**

is rectangular in shape extending from the Atlantic Ocean on the south to land of Barnes on the north. It is bisected by a public highway known as Bluff Road, which runs in an easterly and westerly direction. One Mary P. Hamlin acquired title to said property in 1921 and the plaintiff corporation became the owner in 1935. The said Mary P. Hamlin is the president and sole stockholder of the plaintiff corporation.

The assessors of the Town of East Hampton assessed the property as a single parcel upon the 1937–38 assessment roll of the town by the following description:

| Name of Owner | School Dist. No. | Locality | Description | Acreage | Character of Property |
|---|---|---|---|---|---|
| Hamlin, Mary P. | 3 | Amag. | Vacant Land N-H.T.Barnes and B.B.Bennett E-E.E.Bartlett S-Ocean Beach W-M.P.Hamlin | 7½ | Vac. |

The assessment rolls of the town for the years 1938–39 and for 1939–40 followed substantially the description last given with the exception that in each assessment, at the foot of the boundaries set forth under " Description ", the following words appeared: " (Bluff Road crosses this property.) ".

The plaintiff's contention·is that each of these three assessments was fatally defective and wholly void because in each case two separate and distinct parcels were described as a single parcel contrary to the provisions of section 1 of the Suffolk County Tax Act (L. 1920, ch. 311, as amd.), which provide in part as follows: " The assessment rolls to be prepared by the board of assessors of the towns of Suffolk county shall provide for the separate description of each distinct parcel of land, * * *."

Section 32 of said Suffolk County Tax Act provides as follows: " The tax law shall apply and govern in all matters relating to taxation in Suffolk county not inconsistent with the provisions of this act." Section 55-a of the Tax Law is not inconsistent with any provisions of the aforementioned act and therefore applies in this case. (*Ramot Realty Corp.* v. *Manetto Holding Corp.*, 258 App. Div. 223.) Section 55-a provides that an error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion if such description is sufficiently accurate to identify the parcel or portion. It further provides that the entry of

the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as part of such assessment, but merely as an aid to identify such parcel upon the roll.

This latter statute has rendered inapplicable many of the old decisions which allowed no latitude in descriptions not strictly complying with the statutes governing taxation. In *McCoun* v. *Pierpont* (232 N. Y. 66) Judge CARDOZO, after noting the provision of section 55-a of the Tax Law in a case in which the description of the property on the assessment roll was claimed to be. defective, said (pp. 69–70): " We find it impossible to believe that a diligent taxpayer, anxious, in good faith, to identify his land, could be misled * * *. The verdict of common sense in such a situation is the verdict also of the law. That verdict, we think, must be that misconception is impossible." And in *Blum* v. *Nassau P. & B. Corp.* (256 N. Y. 232), Judge POUND, after quoting in part the remarks of Judge CARDOZO, wrote (p. 235): " What then is the verdict of common sense in this controversy? * * * The owner could not be misled for the description is ' sufficiently accurate ' to identify the land as assessed with the land described in his deed. * * * We are not concerned with those who to escape taxation split hairs and quibble over fair meanings. The cases on the authority of which the motion to confirm the referee's report was denied must yield to the reasoning and decision in the McCoun case which places its disapproval on the rejection of tax titles for errors in description too trifling to justify a refusal to enforce the tax levy."

The test to be applied, therefore, is whether the description used by the assessors is sufficiently definite to convey to the owner the fact that it is his property that is being assessed.

Mary P. Hamlin and her successor in title, the plaintiff corporation, of which corporation she was the president and sole stockholder, were the owners of the property since 1921. The property was assessed as one parcel in each of the years 1922 to 1939 inclusive, and the taxes were paid by these parties respectively, from 1922 to 1936 inclusive. From 1922 to 1928 inclusive, the assessment did not mention Bluff Road crossing the land. From 1929 to 1936 inclusive, the assessment recited that Bluff Road crossed the property. It was not mentioned in the 1937 assessment but it was set forth in the 1938 and 1939 assessments. No difficulty was had on the part of Mary P. Hamlin or her corporation in the payment of taxes against

the property, assessed under a single assessment, in all these years up to 1937. This is not the case of a new owner who has been misled by some error in the description of the property. The laws which assume to set forth what the assessment shall contain in the way of description of the property have in view mainly the protection of the owner so that he will be able to identify the property. Not the slightest suggestion has been made here that anyone has been misled.

Nor are the other grounds raised by the plaintiff in its claim of the invalidity of the assessment tenable. The assessment roll bore the name of the owner as Mary P. Hamlin. It gave the correct school district number, the correct locality, the correct acreage and the correct character of the property. Treating the assessment as a whole, the northerly boundary was correctly set forth, as was the southerly boundary. It would be absurd to hold that the westerly boundary was incorrect because it was given as M. P. Hamlin. She was the former owner and was the sole stockholder of the present corporate owner. The easterly boundary was stated to be land of E. E. Bartlett. Actually the easterly boundary, north of Bluff Road, was land of Manning and, south of Bluff Road, land of Barnes. E. E. Bartlett was the owner of the land on the east except for a twenty-three foot strip owned by Barnes running to the ocean. This was presumably a right of way. This easterly description was, of course, not correct. Nevertheless, such whole description was adequate to describe the property on the assessment roll and it was "sufficiently accurate to identify" the land. (Tax Law, § 55-a.)

Under this view of the case it becomes unnecessary to pass upon the question as to whether plaintiff's action is barred by the Statute of Limitations. The complaint of the plaintiff is dismissed. No costs. Settle judgment on notice.