THE PEOPLE OF THE STATE OF NEW YORK ex rel. UPSTATE TELE-PHONE CORPORATION OF NEW YORK, Relator, against BERTHA B. EATON, as Commissioner of Assessment and Taxation of the City of Gloversville, et al., Respondents.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. UPSTATE TELE-PHONE CORPORATION OF NEW YORK, Relator, against FRED HANSON, as Assessor of the City of Johnstown, et al., Respondents.

Supreme Court, Special Term, Fulton County, July 14, 1945.

*F. Law Comstock* for Bertha B. Eaton, as Commissioner of Assessment and Taxation, and others, respondents.

*Alfred D. Dennison* for Fred Hanson, as Assessor, and another, respondents.

*Wood & Wood* for relator.

*Ignatius M. Wilkinson, Corporation Counsel,* for City of New York, *amicus curiæ.*

IMRIE, J. The cities of Gloversville and Johnstown move to dismiss the relator's petitions herein and to quash writs of certiorari to review assessments of a portion of relator's property, described as, " Station apparatus, station installations and private branch exchanges owned by Upstate Telephone Corporation, off streets or highways and not on property owned or leased by Upstate Telephone Corporation." These motions were submitted at the same time, involve the same issue and will here be considered as one.

The submitted issue is one of law; that is, whether there was a sufficient description of the property sought to be assessed, particularly under section 21 of the Tax Law.

It has been established beyond question that the property of a telephone company, which might ordinarily be classified as personal property, despite the fact that it can be detached and removed from a building without substantial injury to the realty, may, under the Tax Law, be assessed as real property (*Matter of N. Y. Telephone Co.* v. *Ferris,* 257 App. Div. 415, 419, affd. 282 N. Y. 667) and that station apparatus, station installations and private branch exchanges located on subscribers' premises are within the foregoing rule (*Matter of New York Telephone Co.* [*Canough*], 290 N. Y. 537).

It is obvious that the relator does not question the foregoing rule of law. Therefore, we have to determine whether the challenged assessment meets the requirements as to form and sufficiency.

Respondents contend that section 21 of the Tax Law is not to be deemed completely mandatory. I think that is so. In

any event, there appears no specific direction therein to cover the form of the assessment of such an aggregate of property as is here sought to be assessed. This, relator suggests, is not a matter for the courts, but rather one to be rectified by the Legislature, to make the statute conform to the rule as to the assessment of that type of property. The relator also suggests that while *Matter of New York Telephone Co. (Canough)* (*supra*) is determinative of the matters there decided, the question of the form and sufficiency of the assessment description was not raised and, therefore, has not yet been passed upon.

The form of the assessment is definite and purposeful; obviously, it was an attempt on the part of the assessing officers to conform to directions of the State Tax Commission in the assessment of the character of the property here in question. Thus, no question of " error " is raised which might involve the remedial effect of section 55-a of the Tax Law which provides, in part, that the assessment shall not be invalidated by reason of error " if such description is sufficiently accurate to identify the parcel or portion."

The primary purpose of a description of property in an assessment roll apparently is to permit an interested party to identify it or to inform him as to where and how he may find a more complete description. (*City of Syracuse* v. *Murray,* 179 Misc. 244.) Possibly this is broad enough to be deemed to include one planning to bid at a sale for unpaid taxes, though such a consideration implies an undue solicitude for such a prospective purchaser as well as a legislative assumption that taxpayers will fail to meet their just tax liabilities. Rather, the emphasis as to the person to be protected from an erroneous, faulty or incomplete description is placed upon the taxpayer or someone interested in the fact that taxes are to be paid on the property; it is the purpose of the statute to make it certain that such persons recognize and identify the property. (*McCoun* v. *Pierpont,* 232 N. Y. 66.)

" A man of ordinary understanding, honestly seeking for information, would have no difficulty " (*City of New York* v. *Appleby,* 219 N. Y. 76, 80) in determining from this description substantially the property affected, and certainly the relator itself would have none.

If I am correct in the conclusion that the purpose of the statute is primarily to assure to the taxpayer or a person interested in the property an understandable description of the property which is being assessed, then it follows, as already

suggested, that no one can more readily identify the property which the respondents have assessed than the relator itself. While it is clear, as contended by the relator, that its objections filed on grievance day did reserve the question here presented, such objections did in fact evidence a clear understanding and identification of the property. Certainly nothing in the description could have misled the relator. Knowing that the law now permits the assessment of property of this character, on or before grievance day it would have a full opportunity to apprise the assessors of the correctness or error of their computations and estimates, so that in "such circumstances the chance of confusion becomes negligible." (*McCoun* v. *Pierpont, supra,* p. 70.)

Nothing in the description used by the assessors would either deceive or mislead "a diligent taxpayer, anxious, in good faith, to identify" its property. (*McCoun* v. *Pierpont, supra,* pp. 69–70; *Blum* v. *Nassau P. & B. Corp.*, 256 N. Y. 232.)

The argument that the question of the form of the description is still open for determination in the light of the decisions in *Matter of N. Y. Telephone Co.* v. *Ferris* (257 App. Div. 415, *supra*) and *McCoun* v. *Pierpont* (*supra*) is too specious. To hold, for instance, that each individual item of the property to be assessed should be separately listed and identified, would be to force that which would be in most instances thoroughly impracticable and unnecessary, even though, as is contended, the total of the items covered by the description used will certainly fluctuate from time to time. "The verdict of common sense in such a situation is the verdict also of the law." (*McCoun* v. *Pierpont, supra,* p. 70.) Here, too, in the light of the full information on the part of the relator, and the lack of anything in the description which would tend to deceive or mislead it, is a situation where common sense should be the verdict of the law.

In the light of the conclusion which I have reached, it does not seem necessary to discuss the many instances of analogy submitted in the briefs before me, such as the manner of assessment of railroad lines or electric transmission lines.

I hold that the assessments challenged were sufficient and proper, were legal in form, and that the writs of certiorari should be quashed and the relator's petitions dismissed. Orders may be submitted in accordance with the foregoing.