application to be made by her, if she so be advised. The question involved here is whether or not the amendment was a procedural statute which changed a former remedy or provided an additional remedy for a wrong that existed, or whether it was a statute which interfered with antecedent rights. (See *Shielcrawt* v. *Moffett*, 294 N. Y. 180.) This remedy, afforded by the new subdivision of section 505 of the Civil Practice Act, does not interfere with any antecedent rights of the respondent. The Legislature in enacting the subdivision did not limit its use to the future of the effective date. It affords a remedy for an existing wrong, i.e., the failure of the husband to deliver the moneys to the wife as directed by the judgment of a competent court. (See McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], §§ 51–54.) Therefore, the order from which appeal has been taken should be modified by providing therein that on a proper showing the appellant herein may again apply for an order of Special Term holding the respondent husband in contempt. The granting of such order would be within the proper discretion of the court to which such application is made.

The order from which appeal is taken should be modified as hereinbefore stated, and as so modified affirmed, without costs to either party.

All concur with memorandum by the court; Harris, J., in a separate opinion. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

Order modified as a matter of discretion by giving plaintiff leave to renew and as so modified affirmed, without costs of this appeal to either party.

BERTHA S. HUNT, Respondent, v. LANSING W. DEKIN et al., Appellants.— Judgment affirmed, with costs. All concur; Dowling, J., not voting. (The judgment is for plaintiff in an action in ejectment.) Present — Dowling, Harris, McCurn, Larkin and Love, JJ. [187 Misc. 649.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND R. WOODLEY, Appellant.— It appearing that the Justices qualified to sit in this appeal are equally divided and unable to render a decision therein, the said appeal is transferred to the Appellate Division, Third Department, to be there heard and determined pursuant to section 618 of the Civil Practice Act. Present — Harris, McCurn, Larkin and Love, JJ.

HENRY A. BULL, Appellant, v. HERMAN T. STICHMAN, as Commissioner of Housing, et al., Respondents.— It appearing that the Justices qualified to sit in this appeal are equally divided and unable to render a decision therein,' the said appeal is transferred to the Appellate Division, Third Department, to be there heard and determined pursuant to section 618 of the Civil Practice Act. Present — Harris, McCurn, Larkin and Love, JJ.

In the Matter of the Probate of the Will of CLARENCE H. BROWN, Deceased. EDWARD A. BROWN et al., Appellants; GUY SHERMAN, Respondent.— Order affirmed, without costs of this appeal to any party. All concur, except Larkin and Love, JJ., who dissent and vote for reversal and reinstatement of the verdict. (The order sets aside the verdict of a jury and grants a new trial, in a proceeding for the probate of a will.) Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ.

ELIZABETH HELM, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.— Order affirmed, with $10 costs and disbursements. Memorandum: We conclude that facts sufficient to state a cause of action are alleged in the first cause of action in plaintiff's complaint. It is unnecessary, therefore, to pass upon the second cause of action (*Eidlitz* v. *Fischback & Moore, Inc.*, 239 App.