In the Matter of EDWARD D. SIEMER, Appellant-Respondent, against VILLAGE BOARD OF THE VILLAGE OF ORCHARD PARK, as the Board of Assessors of the Village of Orchard Park, Respondents-Appellants.

Fourth Department, June 9, 1955.

*Edward D. Siemer,* appellant-respondent in person.

*William G. Conable* and *Albert K. Hill* for respondents-appellants.

PIPER, J.  This is a special proceeding pursuant to article 13 of the Tax Law to review an assessment of petitioner's residential property located in the village of Orchard Park, New York.  The petition sets forth the three grounds of illegality, overvaluation, and inequality.  Respondents, constituting the village board, moved under rule 106 of the Rules of Civil Practice and section 1293 of the Civil Practice Act for judgment dismissing the petition for failure to state facts which if true would warrant a change in the assessment.  The learned Special Term granted an order striking paragraph 7 of the petition, which alleges various grounds of illegality, and otherwise denying the motion.  Both sides appeal.

In a proceeding to review an assessment, this court stated: " On subjects upon which the Tax Law is silent the pertinent provisions of the Civil Practice Act are applicable." (*People ex rel. New York Central R.R. Co.* v. *Gilson,* 239 App. Div. 108, affd. 265 N. Y. 457.)  " The petition [in a tax certiorari] is the complaint and the return is the answer, and the general rules of pleading are applicable to such a case." (*People ex rel. Buffalo Burial Park Assn.* v. *Stilwell,* 190 N. Y. 284, 290.)  A motion directed generally against a complaint must be denied if any count is good.  (*Advance Music Corp.* v. *American Tobacco Co.,* 296 N. Y. 79, 84.)  The motion in this case was to dismiss the entire petition.  No motion was made to dismiss any separate paragraph either as sham or for legal insufficiency.  It would seem, therefore, that the Special Term erred in striking paragraph 7 and letting the balance of the petition stand.  On the motion which was made, the petition would have to stand or fall as a whole.

After describing petitioner's premises, the petition alleges that the village board, acting as the board of assessors, prepared the assessment rolls.  The rolls correctly list petitioner's name as owner, the character of the property as residential, and the amount of land in acres.  Under the words " Mailing Address " appears the figure 218.  Whether that refers to a street number

or a post-office box does not appear. The assessment form also contains a column in which the name of each abutting property owner is to be inserted. That is not filled out, except that an " X " appears under the word " South ". The property is bounded on the south by a street. There is no further description. The petition further alleges that petitioner appeared before the assessors on grievance day and made an unavailing protest that the assessment was illegal, erroneous and unequal.

Paragraph 7 specifies the grounds of illegality. It is necessary to discuss only one, viz., that the description contained in the assessment roll is insufficient to identify the property assessed, and that no village tax map has been prepared. Paragraph 8, which the Special Term did not strike out, alleges an overvaluation of $1,600, the assessment being $10,100 and the true value being $8,500 or less. Paragraph 9, which the court below also regarded as legally sufficient, alleges inequality " in that said assessment has been made at a higher proportionate rate of full value than the assessment generally of the other property upon the same roll by the same officers and reference is hereby made to each and every assessment thereon, except that hereby complained of, as instances of inequality  *  *  *  the said assessment is at a rate of 40%, or more, of full value, whereas assessments generally of other properties are at a rate of 30%, or less, of full value ".

The required contents of a petition in a proceeding to review an assessment are stated in section 290-c of the Tax Law: " The application for relief shall be founded upon a petition duly verified setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or if erroneous by reason of overvaluation, stating the extent of such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent thereof, and stating that he is or will be injured thereby. Such petition must show that application has been made in due time to the proper officers to correct such assessment."

Subdivision 1 of section 21 of the Tax Law prescribes the form of the assessment roll and requires that it contain " such entries and descriptions as shall be sufficient to identify each separately assessed parcel or portion of real estate with the approximate quantity of the square feet, square rods or acres contained in such parcel or portion or a statement of the linear dimensions thereof ". In this case the acreage, owner, and

residential character of the property are all correctly given. Under "Mailing Address" appears the figure 218, but the precise significance of that is unclear. There is no description by metes and bounds, and the names of abutting owners are not given. Nor is reference made to any recorded map or chain of title. No prospective purchaser at a tax sale could possibly know what premises were affected. From the description contained in the assessment he could not even learn the name of the street, much less the boundaries of the property. We think the requirement of the statute has not been met.

In *Matter of New York Central & Hudson Riv. R. R. Co.* (90 N. Y. 342) the description was more complete than that in this case. The "outer lot" number was given, the frontage and depth on Exchange Street, and the distance and direction from a named street. The statute (p. 348) then required a description "by boundaries, or in some other way by which it may be known." The court stated (p. 349): "There is given a front on Exchange Street, but no definite courses for the remaining sides of the lot, nor other means of identification, or any lines by which the lot can be inclosed. Therefore it is defective." Further (p. 348) "that the description for taxation is insufficient to enable any one to locate the land, and that being the case, I am unable to see how proceedings under it can be sustained. It marks the first step and cannot be departed from at any subsequent stage of the procedure." (See, also, *Rupert* v. *Village of North Pelham,* 139 App. Div. 302; *People ex rel. Buffalo Burial Park Assn.* v. *Stilwell,* 190 N. Y. 284, *supra,* and *Hunt* v. *Dekin,* 187 Misc. 649, affd. 273 App. Div. 800, affd. 298 N. Y. 575.)

As authority for striking out paragraph 7 of the petition, the Special Term relied on section 55-a of the Tax Law which reads: "An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion." That section expressly presupposes an adequate description, which shall not be impaired by minor or immaterial errors. It does not purport to save a description which is not "sufficiently accurate to identify the parcel or portion." The cases cited by the Special Term (*Blum* v. *Nassau Purchasing & Bldg. Corp.,* 256 N. Y. 232; *McCoun* v. *Pierpont,* 232 N. Y. 66; *Dillwood Corp.* v. *Manning,* 184 Misc. 1067) all involved descriptions fully adequate to identify the assessed premises but containing minor errors which

could be disregarded under section 55-a. In those cases, the question was the accuracy, not the sufficiency, of the description. In the present case, on the other hand, the description is doubtless accurate enough so far as it goes but seems insufficient to identify the premises under the authorities cited above. We conclude that paragraph 7 of the petition sufficiently alleges a ground of illegality.

On their appeal respondents complain of the failure of the Special Term to strike from the petition paragraphs 8 and 9, which allege overvaluation and inequality respectively. Considered separately, each paragraph states a ground for review of the assessment and fully satisfies section 290-c of the Tax Law. It is well settled that " the instances in which inequality exists " may be pleaded by a general reference to " all other real estate in said city ". (*People ex rel. Ward* v. *Sutton,* 230 N. Y. 339, 342; *Matter of Corwin,* 135 N. Y. 245.) The claim here is that paragraph 8, alleging overvaluation, is factually inconsistent with paragraph 9, alleging inequality. That is true because if the assessment exceeds true value (par. 8), it cannot be 40% of true value (par. 9). But the difficulty is that on this motion both paragraphs are admitted. We cannot speculate as to which is true or strike them both out because both cannot be true. Respondents' correct procedure, if they wished to question the factual accuracy of either paragraph, was to move to strike it out as sham. Claims of overvaluation and inequality are not legally inconsistent. In fact, when the former is established, the latter presumptively exists. (*People ex rel. Amalgamated Properties* v. *Sutton,* 274 N. Y. 309.) Since each paragraph alleges facts which are admitted and which if true would render the assessment a nullity, the court below correctly declined to strike paragraphs 8 and 9.

Respondents having moved to dismiss the entire petition, the court should not have stricken a separate paragraph. We think, moreover, that each of paragraphs 7, 8, and 9 states facts sufficient if proved to upset the assessment. The order should be reversed insofar as it strikes paragraph 7 and otherwise affirmed.

All concur. Present — McCurn, P. J., Vaughan, Piper, Wheeler and Van Duser, JJ.

Order insofar as it strikes out paragraph 7 of the petition reversed and motion denied as to paragraph 7, and otherwise order affirmed, with $10 costs and disbursements to petitioner.