*390 Desmond, J.
(dissenting). I vote for affirmance.
Alleged defects or illegalities in a tax description cannot invalidate an assessment or a tax sale unless “ a diligent taxpayer, anxious, in good faith, to identify his land, could be misled ” by the description (McCoun v. Pierpont, 232 N. Y. 66, 69-70; Tax Law, § 55-a). Here the name of the owner was not correctly stated but the owner’s name is no part of the description (Tax Law, § 55-a, supra). Also, the name given (“ Kiamesha Inn”) actually helped locate the property since it was the name by which the property had been known for many years and which had appeared as the owner’s name on the tax records for many years. As to the tax description showing the lands on the west boundary of the parcel to be those of 11 Greenberg, Kamenstein and Bailey”, the reference to these names was about as informative, an indication of the location of this parcel as could be given. The subdivision lot was incorrectly given as 1114 ” but this was hardly misleading in view of all the other data furnished and in view of the fact that these subdivisions were not small residential lots but large areas of land. Thus we had a description in which there were correctly stated the north, east and south boundaries, wherein the west boundary was stated in a peculiar but not misleading manner and wherein the purported owner’s name actually stated the popular designation of the property. The only real error was as to the number of the subdivision. Much more important than all this are the undisputed facts that this property had carried the identical tax description for many years, that the taxes were paid on that description for many years before and after the tax year in question, and that a tax searcher employed by plaintiff had no difficulty in locating the parcel although for some reason he did not discover that the 1942 tax remained unpaid.
The fact that the tax deed grantee Guild Properties, Inc., was not fully incorporated until after its purchase of the tax sale certificate is the merest irregularity. The incorporation procedures were completed long before the tax deed passed.
Thus, I do not reach any question of Statute of Limitations because I think plaintiff failed to prove any substantial defects in the assessment. If we are to reach that limitation question, I do not see how we can avoid the plain holding of Werking v. *391 Amity Estates (2 N Y 2d 43, 50, 51, cert. denied 353 U. S. 933) decided less than two years ago. In holding the two-year limitation applicable the Appellate Division in the present case followed what it correctly called (4 A D 2d 334, 336) the “ clear and unequivocal ’’ language of Werking (supra). The language referred to was the statement in Werhing (supra, p. 51) that the two-year limitation “ bars actions to cancel deeds stemming from jurisdictional defects as well as from mere irregularities [citing cases]
The judgment should be affirmed, with costs.
Chief Judge Conway and Judges Van Voobhis and Burke concur with Judge Froessel ; Judge Desmond dissents and votes to affirm the judgment in an opinion in which Judges Dye and Fuld concur.
Upon appeal from judgment: Judgment of Appellate Division reversed and that of Trial Term reinstated, with costs in this court and in the Appellate Division.
Upon appeal from order: Appeal dismissed.