L. Barron Hill, J.
This is an action to remove a cloud on the title of the plaintiffs to property acquired by them on November 30, 1948.
The plaintiffs’ grantor was Fred B. Tuthill and for the tax year 1947-48 the premises were assessed to him on the assessment roll of the Town of Brookhaven as follows:
“ N — by West Cove E — by Hazel Kearns S — - Harry Seaman W — Florence Baxter
75'x 230'”.
*747 For the tax year 1948-49, for the town and school taxes becoming a lien on December 1, 1948, payable from December 10, 1948 and thereafter, the premises were, again, assessed to Fred B. Tuthill as follows:
“ N — by West Cove E — by H. Kearns S —by H. Seaman W — by F. Baxter
5' x 230' ”.
Plaintiffs acquired their title to the premises on November 30, 1948, a few days prior to the issuance of the 1948-49 tax bills by the Receiver of Taxes. At the closing of title they were required to and did pay back taxes. Presumably at that late date, the tax bill for the year 1948-49 was sent to Fred B. Tuthill. There is no proof that plaintiffs ever received this tax bill or knew of it, and it was not paid by them.
Subsequently for the annual tax sale for unpaid taxes held by Suffolk County in 1949, the following premises were advertised for sale in the duly designated newspapers within the county:
“ Fred B. Tuthill N. — by West Cove E. — by H. Kearns S. — by H. Seaman W. — by F. Baxter
5' x 230' ”.
A subsequent notice to redeem duly published also used the above description. The defendant’s testator obtained the tax certificate at said tax sale and in 1956 obtained a tax deed from the county containing the same description.
Defendant contends that the “ 5' ” shown on the assessment roll is a “ strike over ” readily discernible on examination. This is true. However, it cannot be disputed that all the published notices of sale did not contain any “ strike over ” but clearly stated the size of the premises as “ 5' x 230' ” whereas in fact they are “ 75' x 230'”. Each subsequent assessment has been “ 75' x 230' ” and each subsequent tax based thereon has been paid by plaintiffs.
It is defendant’s claim that the use of the “ 5' ” figure in the published description constitutes a trivial error which will not destroy the validity of the tax sale (see and cf., Tax Law, § 55-a; McCoun v. Pierpont, 232 N. Y. 66; City of Syracuse v. Murray, 179 Misc. 244; 5 Warren’s Weed, New York Real Property, p. 608, § 1.04).
*748 Plaintiffs, naturally, assert that the error constitutes a jurisdictional defect which renders the tax sale void (Seafire, Inc., v. Ackerson, 302 N. Y. 668).
I concur with defendant that the “ strike over ” on the assessment roll is an insufficient error to invalidate the assessment within the meaning of section 55-a of the Tax Law. On the other hand, I am of the opinion that the disparity between the published notices showing “ 5' ” instead of “ 75' ” is sufficiently grave to constitute a jurisdictional defect and to render the sale void.
To paraphrase Justice Swezey writing in Seafire, Inc., v. Ackerson (193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668): I am of the opinion that the premises were so described on the tax certificate, notice of tax sale, notice to redeem and in the tax deed so as to be insufficiently definite to convey to the owner that it was his property that was being assessed and sold.
It follows, therefore, that judgment be granted plaintiffs as prayed for in the complaint.
The foregoing constitutes the decision of this court in accordance with section 440 of the Civil Practice Act.
Settle judgment.