■ IVA A. WILKINSON, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 30980.) — Judgment unanimously modified on the law and facts by increasing the amount of the award to $5,000 and interest, and as modified affirmed, without costs of this appeal to either party. New findings of fact made. Memorandum: We find from the record that the findings of liability upon the part of the State of New York were justified but that considering the extent of the injuries the amount of the award was inadequate and we increase the amount of the award to $5,000. (Resubmission of appeal from judgment of Court of Claims awarding claimant the sum of $3,800 and interest.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ D. W. FRANCHOT & COMPANY, INC., et al., Appellants-Respondents, v. CHARLES S. HOPKINS, et al., Respondents-Appellants.— Order unanimously reversed, with $25 costs and disbursements to the plaintiffs and defendants' motion denied, without costs. Memorandum: The defendants' motion is for an order dismissing the complaint. The order appealed from did not grant the motion to dismiss the entire complaint, nor did it dismiss either of the two causes of action contained in it. It ordered that the first and second causes of action be dismissed, insofar as they respectively relate to certain leases and that the complaint be deemed amended by striking all references to such leases from the respective causes of action. Special Term erred in striking such allegations from the complaint and letting the remainder of the complaint stand. Such relief was not invoked by the notice of motion and could not properly be granted on a motion to dismiss the complaint. (*Keller* v. *Levy,* 265 App. Div. 723; *Matter of Siemer* v. *Village Bd. of the Vil. of Orchard Park,* 286 App. Div. 135.) The complaint substantially sets forth the essentials necessary for relief under article 15 of the Real Property Law (Real Property Law, § 502; *Niagara Falls Power Co.* v. *White,* 292 N. Y. 472, 479, 480; *Gifford* v. *Whittemore,* 4 A D 2d 379) and for a declaration of the rights of the parties (Civ. Prac. Act, § 473; Rules Civ. Prac., rules 210–214). The motion should, therefore, have been denied. (Cross appeals from order of Steuben Special Term, granting in part defendants' motion to dismiss the complaint and denying the motion otherwise.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ MORRIS REBACK et al., Appellants, v. J. BURCH McMORRAN, as Superintendent of Public Works of the State of New York et al., Respondents.— Orders unanimously affirmed, without costs of this appeal to any party. Memorandum: Special Term dismissed the complaint against each defendant on the ground that it failed to state facts sufficient to constitute a cause of action and on the further ground that the court lacked jurisdiction over the subject matter. The orders are affirmed on the first ground stated. (Appeals from two orders of Niagara Special Term granting separate motions by the respective defendants for a dismissal of plaintiffs' complaint.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.