■ CATHERINE HAYES, Respondent, v. DAVID BLACHLY, Appellant.— In an action to compel the determination of a claim to certain real property, defendant appeals from a judgment of the Supreme Court, Suffolk County, dated January 14, 1972, in favor of plaintiff, after trial upon an agreed statement of facts. Judgment reversed, on the law, with costs, and defendant is declared the owner of the subject property. Special Term erred in holding that the description contained in the tax sale certificate and tax deed in question was insufficient to convey good title to the property in dispute. The test to be applied in determining if good title has been conveyed is to ascertain whether the description of the property was sufficient to identify the parcel assessed to anyone examining it in good faith (Real Property Tax Law, § 504, subd. 4; *McCoun* v. *Pierpont*, 232 N. Y. 66; *Ramot Realty Corp.* v. *Manetto Holding Corp.*, 258 App. Div. 223). The property in question was assessed in the Town of Islip assessment roll for the year 1953–1954 as follows: " 404 Land Bohemia Bounded north by Walter, east by Knick-

erbocker Avenue, south by Karshick Street, west by South Bay Farms 13.07 acres". It is significant that the tax sale certificate and tax deed contained the same description as was set forth in the assessment roll, including the quantity of land intended to be conveyed (*Ramot Realty Corp.* v. *Manetto Holding Corp., supra*; *Davis* v. *Palmer,* 147 Misc. 93). In considering the entire description of the premises, including the 13.07 acres which were to be conveyed, this court finds no doubt that the northern boundary, the description of which was incomplete, would, in part, have to extend to Church Street so as to accommodate the total acreage involved. Therefore, the description was sufficiently accurate to enable all persons interested to ascertain the entire parcel being assessed. Since good title was conveyed, defendant is the lawful owner of the property. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Christ, JJ., concur.