THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILFRED PATENAUDE et al., Appellants.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FLORENCE PATENAUDE et al., Appellants.

Third Department, June 16, 1955.

*John F. Doyle* and *Vincent P. Pickett* for Wilfred Patenaude and others, appellants.

*John F. Doyle, Howard J. Reilly* and *Vincent P. Pickett* for Arthur De Blois and others, appellants.

*Jacob K. Javits, Attorney-General (Emil Woldar, Henry S. Manley* and *Warren H. Gilman* of counsel), for respondent.

*Per Curiam.* These two actions are maintained by the People of the State of New York for the ejectment of the defendants from lands in Saratoga County to which the State claims titles through tax sales. Since the actions were instituted by the authority of the Conservation Department on the theory the lands upon acquisition became part of the forest preserve, appellants in the first place challenge this authority on the ground the lands are not in the "forest preserve". (Cf. Conservation Law, § 9.)

The stipulation of facts between the parties covering both actions is to the effect that the lands in dispute lie in a populous area close to the city of Mechanicville; that the territory of the community in which the lands are located is not to be regarded as "wild forest lands" and the land is unsuitable for wild forest purposes. The stipulation expressly does not cover the question whether, as a matter of law, the parcels are to be regarded as "wild forest lands".

It is clear from reading the words of the statute, however, that whatever they may be in fact, they are in law a part of the "forest preserve". (Conservation Law, § 63, subd. 1.) All lands "owned or hereafter acquired by the state" in Saratoga County are there declared to be in the forest preserve. There are two exceptions, neither of which is applicable. One is lands within a city or village, and the other is lands, not wild lands and not situated within the Adirondack Park acquired by the State on the foreclosure of certain mortgages.

It is perfectly clear that lands in Saratoga County, not in a city or village, and not acquired by the State through mortgage foreclosure of the kind enumerated in the statute are in the forest preserve whether or not they are "wild forest lands". The Special Term was right, we think, in sustaining the authority of the conservation commissioner to institute the action on behalf of the People.

It is argued by defendants that the assessments on which the tax sales were based and from which the State derived its title were so "inaccurate, incomplete and erroneous" that the tax sales based on them were void.

The premises were sold for unpaid taxes assessed for the years 1921, 1922 and 1923. The statute in effect at the time of the assessments (Tax Law, § 21, L. 1916, ch. 323, § 7) provided that the description of the land assessed "shall be sufficient to

identify each separately assessed parcel or portion of real estate ''.

The description on the assessment rolls on one parcel was: '' DE BLOIS, Felix, M. F. Dist. 10; West Street; West (side); Lot 7 Hudsonview Realty Co's Plot; ⅛ acres ''. The other was: '' PATENAUDE, William, M. F. Dist. 10; Champlain Ave.; South (side); Lot 43 Hudsonview Realty Co. Plot; ⅛ acres ''.

It is not complained by defendants that these descriptions were inaccurate as far as they went, except that the name Du Blois was misspelled as '' De Blois ''. It is argued, rather, that not enough identifying criteria were given because of a failure to describe the buildings on the land and a failure to show adjoining owners; and that there were on file at the time of the assessments actually three maps of the Hudsonview Realty Company, one of 1899, one of 1900 and one of 1915.

All three maps on file referred to Lot 43 and it is stipulated that such map reference was to one of the parcels in dispute here. Two of the maps referred to Lot No. 7, but the 1900 map did not refer to it; and it is stipulated that the two references, including that in the 1915 map, the last one before the assessments herein were made, '' referred to the same property '' which is the Lot No. 7 in dispute herein.

The statutory test of the sufficiency of such a description is that an error shall not invalidate the assessment based on the description if it '' is sufficiently accurate to identify the parcel or portion '' (Tax Law, § 55-a). This rule is the '' verdict of common sense '' as well as of the law (*McCoun* v. *Pierpont*, 232 N. Y. 66, 70). The case before us is quite like that considered in *Blum* v. *Nassau Purchasing & Bldg. Corp.* (256 N. Y. 232). Judge POUND felt the objections interposed there '' too trifling '' to justify a refusal to enforce the tax levy (p. 235).

The number of the lot, the name of the owner, the quantity of land, the name of the street and the side of the street, the reference to the map and to the district all point clearly to the land intended to be assessed in the two instances before us, and no man of ordinary sense or understanding could be misled by what was thus described. It could scarcely be thought that Felix Du Blois would not think it was he who was intended to be referred to by '' Felix De Blois '' with all the appended contextual criteria relating to his land.

Moreover we think that the Statute of Limitations has run upon the objections which defendants might have to the State's title, even if we were to regard those objections as well founded on the merits. The tax sales were held June 8, 1926; and a deed

including both parcels was delivered from the State Tax Commission to the plaintiff on February 9, 1929, and recorded May 3, 1929. After two years from the date of such recording the presumption of regularity which otherwise attaches to the tax proceedings became " conclusive " (Tax Law, § 131). Nothing was done affirmatively by defendants addressed to the sufficiency of the assessments or sales within the five years provided by section 132 of the Tax Law.

There have been instances where the conclusively regular effect of this statute was not applied in full rigor. But the case before us does not fall within any of those exceptions which are illustrated by *People* v. *Inman* (197 N. Y. 200) where there was no means provided under then existing statute by which action could be maintained against the State; by *Zinner* v. *Palmer* (298 N. Y. 558) where the question was whether the lands in issue had been referred to at all; and by *Cameron Estates* v. *Deering* (308 N. Y. 24) where the tax had actually been paid by the owner and the land erroneously sold. The right to redemption is likewise barred by the Statute of Limitations. (Tax Law, § 137; *Mabie* v. *Fuller*, 255 N. Y. 194.)

The judgments should be affirmed, without costs.

Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.

Judgments affirmed, without costs.