Harold E. Koreman, J.
In this article 78 proceeding, the petitioners seek an order directing that the State Board of Equalization and Assessment add to its approval list of taxable State-owned lands for the assessment rolls completed in 1963, proper assessments for two tracts of land acquired by the State of New York and located wholly or partly in one or more of the petitioning towns.
In their answer, respondents assert as an affirmative defense that the lands are not subject to taxation, and raise objections in point of law alleging that the petitioners have failed to establish that respondents acted illegally or arbitrarily in not including these lands in the lists of State-owned taxable lands in the petitioning towns. Petitioners have filed a reply in which it is alleged that the lands are subject to taxation by virtue of section 532 of the Beal Property Tax Law and that the statutes relied upon by respondents are void in that they contravene the constitutional mandates pertaining to the forest preserve.
The two tracts of land in question are known as the Cascade Lake Tract and the Salmon Lake Tract. The first was acquired in 1962 pursuant to section 13 of the Conservation Law which provides for the acquisition of real property by the Commissioner of Conservation for any of the purposes or functions of the department. The second tract was given to the State pursuant to subdivision 2 of section 64 and subdivision 2 of section 361 of the Conservation Law. The deed, as required by section 64, recited that it was made for the 1 ‘ purposes of fish and wild life management and silvicultural research ” and that “ the lands shall not become part of the Forest Preserve ”.
The entire Salmon Lake Tract is located in the Town of Indian Lake, Hamilton County. Although a small portion of the Cascade Lake Tract is located in Herkimer County, the portions with which this proceeding is concerned are in the Towns of Inlet and Long Lake, Hamilton County. It is admitted by the respondents that both tracts are wild or forest lands, except for a small portion of one. It was agreed that no determination was necessary as to the wild or forest nature of that portion.
The petitioners contend that, since these lands are wild or forest lands within the forest preserve as the forest preserve was defined (in 1962) by subdivision 1 of section 63 of the *465 Conservation Law, they were taxable for all purposes pursuant to section 532 of the Beal Property Tax Law.
The respondents urge that because these properties were acquired for specific purposes other than for the forest preserve and the sections of the Conservation Law under which they were acquired provide that they shall not become a part of the forest preserve, they are not within the forest preserve and are not taxable under section 532 of the Beal Property Tax Law.
The pertinent portion of section 532 of the Beal Property Tax Law is as follows: “The following state lands shall be subject to taxation for all purposes: (a) All wild or forest lands owned by the state within the forest preserve ”.
Since ownership by the State and the wild or forest nature of the two tracts in question are conceded, the only question to be resolved is whether the lands are within the forest preserve.
At the time of the acquisition and of the completion of the assessment rolls involved herein, the forest preserve was defined in subdivision 1 of section 63 of the Conservation Law. All lands ‘ ‘ owned or hereafter acquired by the state ’ ’ in Hamilton County (and several other counties listed by name) are there declared to be in the “ forest preserve ”. There were two exceptions, neither of which is applicable.
In 1908, when section 216 of the Forest, Fish and Came Law contained almost the same language (except for a minor difference not applicable here) as subdivision 1 of section 63 of the Conservation Law did when the lands herein were acquired and from which the latter section was derived, the court in People v. Fisher (190 N. Y. 468) stated at page 480: “ The language of the statute thus specifying the lands which are included within the forest preserve is clear and definite and does not in itself require construction. Its plain and positive language is made even more certain by the fact that some exceptions are stated therein ’ ’.
In 1955, in People v. Patenaude (286 App. Div. 140 [3d Dept.]) the court held that certain lands, which had been acquired by the State through tax sales in Saratoga County, were in the “ forest preserve ” and thus sustained the authority of the Conservation Commissioner to institute certain ejectment actions. In that case it was stipulated that the lands were neither wild forest lands nor suitable for wild forest purposes but it was held that since they were acquired by the State in a county listed in subdivision 1 of section 63 of the Conservation Law 1 ‘ whatever the lands may be in fact, they are in law a part of the ‘ forest preserve ’ ” (p. 141).
*466 The respondents point out that, in view of the 1 ‘ forever wild” provision in the 'Constitution (art. XIV, § 1), the State has of recent years been acquiring property for special purposes other than those of the “ forest preserve” involving mainly the health and welfare of its citizens. They urge here, that if the lands in the Patenaude case had been acquired by the State for some specified purpose, and not as the result of a tax sale, they would not have been declared to be a part of the “ forest preserve ” as defined in subdivision 1 of section 63 of the Conservation Law. Thus the respondents would make the purpose for which lands in the forest preserve counties are acquired the test of whether they are or are not within the “forest preserve ” for tax purposes. But the Beal Property Tax Law does not make the purpose of acquisition a determinative factor. Nor do the respondents cite any judicial precedent or statutory authority in support of their position. Certain opinions of the Attorney-General are referred to. (See 1918 Atty. Gen. 191; 1912 Atty. Gen. 104; 1951 Atty. Gen. 196; 1957 Atty. Gen. 299.) However, these opinions concerned themselves solely with the problem of whether the purposes of acquisition and the uses to which certain lands in the forest preserve were put, were consistent with the constitutional restrictions or so inconsistent as to be violative thereof. On the question of taxability of certain parcels of State-owned lands within a forest preserve county, the opinion of the Attorney-General has been that the wild or forest nature of the lands is the determinative factor (1951 Atty. Gen. 196, 197; 1899 Atty. Gen. 299). Here, the wild and forest nature of the lands involved is not disputed.
It is not necessary to determine whether the provisions of the Conservation Law pursuant to which the lands herein were acquired contravene the constitutional mandate to keep forest preserve lands forever wild (N. Y. Const., art. XIV, § 1), or whether the purposes of the acquisition are consistent with such mandate. The petitioners do not seek to restrain the use to which these tracts of lands are being put. The relief sought herein is a direction that the respondents add the lands to the list of taxable State-owned lands. Whether or not petitioners are entitled to the relief sought is to be determined in the light of section 532 of the Beal Property Tax Law, and its applicability to the two tracts of land herein.
While one of the sovereign rights of the State is immunity from taxation without its express consent and such consent, being in derogation of sovereignty, is to be strictly construed, nevertheless, where there is no ambiguity in the language of *467 the statute (Beal Property Tax Law, § 532, subd. a) the words used iby the Legislature should be given their obvious and ordinary meaning.
The word “within” refers to an “area” and thus means “ inside the limits of ” (Ballentine’s Law Dictionary [2d ed.]). The area is the “forest preserve ”, and that term has been defined in People v. Patenaude (286 App. Div. 140, supra).
There is no reason why “ forest preserve ” should be given a different meaning in the Beal Property Tax Law than it had in subdivision 1 of section 63 of the Conservation Law when the lands herein were acquired.
Becognizing the adverse economic impact upon some of the towns and counties in which State-owned lands were located, the State consented to be taxed as to some of its properties for all purposes, and as to others for certain purposes only, by the enactment of appropriate and specific legislation. If, as respondents contend, the purpose of acquisition or the use of these lands should result in a change of statute regarding taxation, such a result must be accomplished by appropriate tax legislation, at least as to property acquired prior to the effective date of the statutory change in the definition of the ‘ ‘ forest preserve ” (Conservation Law, (§ 3-0121, subd. 11, eff. July 1,1964). This recent change indicates that the Legislature did not intend, as respondents contend, to amend or supplement section 63 of the Conservation Law by the amendments of section 13, subdivision 2 of section 64 and subdivision 2 of section 361 of the Conservation Law and they cannot be so considered.
For the reasons stated herein, it is my conclusion that the lands which are the subject of this proceeding are taxable under subdivision (a) of section 532 of the Beal Property Tax Law and that the relief sought in the petition should be granted.