■ In the Matter of the TOWN OF INDIAN LAKE et al., Respondents, v. STATE BOARD OF EQUALIZATION AND ASSESSMENT OF THE STATE OF NEW YORK et al., Appellants.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, in a proceeding pursuant to article 78 of the CPLR directing the appellants to add certain tracts of land to their approval list of taxable State-owned lands for the assessment rolls of the respondent Towns. Involved are two tracts of land, the Salmon Lake tract and the Cascade Lake tract, located in Hamilton County which were acquired by the State in 1962. Section 532 of the Real Property Tax Law provides that "All wild or forest lands owned by the state within the forest preserve" shall be "subject to taxation for all purposes". Furthermore then subdivision 1 of section 63 of the Conservation Law (now § 3–0121, subd. 11) states that subject to two exceptions not applicable here "The 'Forest Preserve' shall include the lands owned or hereafter acquired by the state within * * * the counties of * * * Hamilton". However, both subdivision 2 of section 64 and subdivision (2) of section 361 of the Conservation Law under which the Salmon Lake tract was acquired specifically state that property received thereunder does not become part of the forest preserve. Subdivision 2 of section 64 which permits the receipt of gifts of land "for the purposes of silviculture research and experimentation in the science of forestry" provides that property received pursuant to this section "shall not become part of the forest preserve". Similarly subdivision (2) of section 361 which permits the acceptance by gift or devise of property "suitable for purposes of fish and wildlife management", provides that "Such lands * * * shall not become part of the forest preserve". In view of this express provision in the statutes under which the Salmon Lake tract was acquired we hold that the Salmon Lake tract is not within the forest preserve and thus not subject to taxation under section 532 of the Real Property Tax Law. The general language of subdivision 1 of section 63 cannot be held to override the specific exclusionary language of subdivision 2 of section 64 and subdivision (2) of section 361. The Cascade Lake tract was acquired pursuant to subdivision 1 of section 13 of the Conservation Law. This section, while it contains the prefatory phrase "Notwithstanding any other provision of this chapter or any other law," does not, as subdivision 2 of section 64 and subdivision 2 of section 361, specifically exclude land acquired thereunder from the forest preserve and an indication of the purpose of the acquisition must in each case be given. On the present facts, the Commissioner having failed to state a specified purpose but rather only "for the purpose or function of the Department", Special Term, absent any such indication, correctly held that the Cascade Lake tract was part of the forest preserve and therefore subject to taxation. Judgment modified, on the law and the facts, so as to reverse so much thereof as ordered appellants to add the Salmon Lake tract to their approval list of taxable State lands,

application as to said tract denied, and, as so modified, affirmed, with costs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur; Gibson, P. J., in a separate memorandum in which Herlihy, Reynolds, Taylor and Aulisi, JJ., concur. Gibson, P. J. (concurring). The memorandum by Mr. Justice REYNOLDS is, in my view, correct in denying to section 532 of the Real Property Tax Law the intent to subject to taxation all State-owned wild or forest lands *within the boundaries of* the forest preserve, whenever, however, and for whatever purpose acquired; the unwarranted importation of the italicized words being essential if the unambiguous language of the section is to be thus modified. That lands acquired pursuant to subdivision 2 of section 64 and subdivision (2) of section 361 of the Conservation Law are not subject to taxation naturally follows. Any distinction between these provisions and the generally similar provisions of subdivision 1 of section 13 of the same act would be unreal and unsound and would result in the denial of any purpose or effect to subdivision 1 of section 13; and the authorization to acquire real property for " any of the purposes or functions of the department " would have to be read either to exclude the operation of the statute from the forest preserve counties or, unnecessarily and contrary to its terms, to confer the authority to purchase lands therein for forest preserve purposes and for no other.* It would seem that many if not most of the departmental purposes or functions for which realty might thus be acquired would otherwise be thwarted and frustrated upon the instant of the purchase. It is essential, however, that the deed of conveyance or the appropriation in each instance adequately indicate the purpose of the acquisition. This was not done with respect to the Cascade Lake tract appropriation and there being no suggestion that the omission could be supplied on remittal, I concur in the disposition suggested in Mr. Justice Reynolds' memorandum.

---

*  See L. 1960, ch. 759, § 1, amending Conservation Law, § 50, subd. 6; and ch. 759, § 2, repealing Conservation Law, § 59, and adding § 13; and L. 1963, ch. 263, repealing § 50, subd. 6, and re-enacting same, with change, as § 3–0111, subd. 7.