In the Matter of JOSEPH H. BOARDMAN et al., Respondents, v TOWN OF NEW WINDSOR, Appellant. [835 NYS2d 314]—

In a hybrid proceeding pursuant to RPTL article 7 to review certain real property assessments for the tax year 2003, and an action for a judgment declaring, inter alia, that the assessments are illegal and void, the Town of New Windsor appeals from a

judgment of the Supreme Court, Orange County (Rosato, J.), entered September 26, 2005, which, among other things, declared that the assessments are illegal and void and ordered them stricken from the assessment roll.

Ordered that the judgment is affirmed, with one bill of costs.

The Town of New Windsor sought to recoup the costs of certain improvements to a water district that serviced land owned by the New York State Department of Transportation (hereinafter the DOT), and imposed a special ad valorem levy on that land in an effort to do so (*see* RPTL § 102 [14]; *Matter of Crandall Pub. Lib. v City of Glens Falls*, 216 AD2d 814, 815 [1995]). The Supreme Court correctly concluded that the Town did not have a proper basis for imposing the levy. The DOT, whose land is generally exempt from taxation and special ad valorem levies (*see* RPTL § 404 [1]; § 490; *Matter of New York State Teachers' Retirement Sys. v Srogi*, 84 AD2d 912, 913 [1981], *affd* 56 NY2d 690 [1982]), did not consent to the imposition of the levy (*see Matter of Town of Indian Lake v State Bd. of Equalization & Assessment of State of N.Y.*, 45 Misc 2d 463, 466 [1965], *mod on other grounds* 26 AD2d 707 [1966]). In addition, we agree with the DOT that Public Lands Law § 19, which requires certain notice to be given to the State Comptroller before state-owned land is assessed for any purpose, effectively makes it impossible for a municipality such as the Town to impose a special ad valorem levy on state-owned land to recoup the cost of improvements that specially benefit that land (*see* 1953 Ops Atty Gen 133; *see also Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 404 [1984]). Finally, the Town improperly changed the manner in which it recouped the costs associated with creating and operating the water district (*see* Town Law § 202 [4]; § 202-a [1], [2]; § 202-b [4]; 1986 Ops State Comp No. 86-10).

Under these circumstances, the challenged assessments, which the Town made against the DOT's land in connection with the imposition of the special ad valorem levy, were "unlawful" (RPTL § 720 [1] [a]). Accordingly, the Supreme Court correctly declared that they are invalid and properly ordered them stricken from the assessment roll (*id.*).

Even if there were a proper basis to impose a special ad valorem levy upon the DOT's lands, the Town did not provide the notice to the State Comptroller required by Public Lands Law § 19. Thus, the challenged assessments were not "legal" in any event (Public Lands Law § 19). Accordingly, the Supreme Court correctly declared that the assessments are illegal and void for that additional reason.

The Town's remaining contentions are without merit. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.