CALLANAN ROAD IMPROVEMENT COMPANY, Respondent, *v.* ARTHUR McMULLEN COMPANY, ULSTER DAVIS, INC., SAGER-SPUCK SUPPLY COMPANY, INC., and FRED A. NICHOLSON, Appellants, Impleaded with ALBANY PORT DISTRICT COMMISSION and Others, Respondents, and Others, Defendants.

Third Department, March 9, 1938.

*Thomas W. Cantwell,* for the plaintiff, respondent.

*Francis Kelliher* [*Eli S. Silberfeld* and *Frederick S. Danziger* of counsel], for the defendant Arthur McMullen Company, appellant.

*Woollard & Morris* [*Homer E. Peters* and *Ernest B. Morris* of counsel], for the defendants Ulster Davis, Inc., and Fred A. Nicholson, appellants.

*Edwin L. Fowler* [*Homer E. Peters* and *Ernest B. Morris* of counsel], for the defendant Sager-Spuck Supply Company, Inc., appellant.

*John C. Watson,* for the defendant Albany Port District Commission, respondent.

*Whalen, McNamee, Creble & Nichols,* for the defendant New York State National Bank, Albany, respondent.

*Harold B. Slingerland,* for the defendant Heidritter Lumber Company.

*Stedman & Stedman,* for the defendants John T. D. Blackburn, Inc., and Albany Lumber & Planing Mill Company, Inc.

*Werner H. Pigors,* for the defendant R. B. Wing & Son Corporation.

*George A. Reilly,* for the defendant William A. Mangan.

*O'Connell & Aronowitz* [*Stanton Ablett* of counsel], for the defendant Peter McCabe, respondent.

*Wait, Wilson & Newton* [*Frederick W. Newton* and *Howard G. Wilson* of counsel], for the defendants Hudson Valley Lumber Company, Inc., and Charles O. Nichols, doing business as Nichols Brothers, respondents.

*A. Mark Levien,* for the defendant Dexter Carpenter Coal Company, Inc.

BLISS, J. Decision upon this appeal depends upon our answer to the question: Is the Albany Port District a municipal corporation within the contemplation of section 5 of the Lien Law? The action is to foreclose a lien for materials furnished to a contractor for the construction of an improvement under a contract with the Albany Port District Commission. The official referee found that the Albany Port District was a municipal corporation and, therefore, its contract was one for a public improvement within the intent of section 5 of the Lien Law which grants a lien to a person performing labor for or furnishing materials to a contractor for the construction of a public improvement, pursuant to a contract by such contractor with a municipal corporation. Section 2 of the Lien Law defines the term "public improvement" when used in that law as "an improvement upon any real estate belonging to the State or a municipal corporation." Subdivision 1 of section 3 of the General Corporation Law defines a municipal corporation as follows: "A 'municipal corporation' includes a county, town, school district, village and city and any other territorial division of the State established by law with powers of local government."

In *MacMullen* v. *City of Middletown* (187 N. Y. 37, 41), GRAY, J., writing for the Court of Appeals, said: "A municipal corporation is a political or governmental agency of the State which has been

constituted for the local government of the territorial division described and which exercises, by delegation, a portion of the sovereign power for the public good." It is apparent, therefore, that the powers delegated need not be the full plenary legislative power of the State. A portion of the sovereign power is all that need be conferred upon the subdivision.

In *Commissioner of Internal Revenue* v. *Ten Eyck* (76 F. [2d] 515) the United States Circuit Court of Appeals, Second Circuit, thoroughly analyzed the powers of the Albany Port District Commission in an effort to determine whether it was performing a usual governmental function or whether its activities were proprietary only. By tracing port and harbor developments throughout northern Europe and North America and discussing their fundamental purpose and the nature of their activities, it was shown that they have always been regarded as part of the functions of government and not those of a mere proprietary or profit making activity on the part of the government. This same conclusion was reached by the court with regard to the Albany Port District.

The appellants contend that the Albany Port District is not a municipal corporation, but is, instead, a " public benefit corporation," which is defined in subdivision 2 of section 3 of the General Corporation Law as " a corporation organized to construct or operate a public improvement wholly or partly within the State, the profits from which inure to the benefit of this or other States, or to the the people thereof."

The Albany Port District was created by chapter 192 of the Laws of 1925. The district is declared by the statute to be a " public corporation " and to have perpetual existence with power among other things to acquire real estate, sue and be sued, exercise the right of eminent domain and to issue bonds and other evidence of indebtedness. It embraces all the territory on the easterly and westerly sides of the Hudson river which on January 1, 1929, was included in the city of Albany and the city of Rensselaer (see Laws of 1929, chap. 293, § 1); and all lands and water in the Hudson river contiguous thereto, subject to the right, title and interest of the State in and to the lands under the waters of the Hudson river. Its affairs are administered by a commission of five members which is a body corporate. The commission is given general power and authority over the survey, development, control and operation of port facilities in such port district, and the co-ordination of the same with existing or future agencies of transportation. It shall also fix rates, charges and wharfage for the use of all port facilities and collect rates, charges and wharfage for such facilities owned by the district. It has power to regulate and super-

vise the construction and operation of all port facilities by whomsoever constructed, installed or owned.

It may cause taxes to be levied in its behalf by submitting an annual budget to each city, which in turn must levy taxes for its proportionate share.

The commission is also empowered to make any reasonable order which it may determine to be necessary for the proper development, maintenance and use of the port relating to the construction, equipment, repair, maintenance, use and rental of any dock, wharf, slip, terminal or warehouse owned or leased by such corporation or individual within the district and it may by rule prescribe a civil penalty of not more than fifty dollars for disobedience to an order or violation of a rule for any distinct act of such disobedience or violation, or, in the case of a continuing disobedience or violation, a penalty of not more than fifty dollars for each day that it continues. Such penalty is to be recovered by suit brought by the commission against the offending party.

The port district is, therefore, a territorial division of the State with its borders accurately fixed and defined by the statute creating it. The statutory delegation of the legislative power to regulate and supervise the construction and operation of all port facilities, by whomsoever constructed, installed or owned within the district and the fixing of rates, charges and wharfage for the use of all port facilities within the district confer upon the district limited powers of local government within the definition of a municipal corporation in subdivision 1 of section 3 of the General Corporation Law.

The regulation of buildings and the fixing of rates are functions within the police power. The exercise of the right of eminent domain is another attribute of sovereignty and while it might not, in and of itself, be held to be a sufficient power of local government to bring the district within the definition, when coupled with these other powers it is a further indication that the Legislature intended the district to have, within its field and territorial limits, ample powers to effect its governmental purpose. The district thus exercises within its jurisdiction limited police, taxation and eminent domain powers, all of which are portions of the sovereign power.

The public benefit corporation as defined by subdivision 2 of section 3 of the General Corporation Law was first known to statute law in 1929, while the Albany Port District was created in 1925. The district has much broader powers than a public benefit corporation and does not fall within that classification.

The judgment should be affirmed, with costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.