OPINION OF THE COURT
Thomas Aloi, J.
This is a motion for summary judgment to declare the real property of petitioner New York State Teachers’ Retirement System exempt from taxation. Petitioner also asks this court *393 to cancel any tax lien or cloud on its title resulting from assessments for the years 1978, 1979 and 1980.
Petitioner now owns a parcel of real property known as 516-520 James Street in the City of Syracuse. Petitioner previously held a mortgage on the property, and foreclsoed when the former owner defaulted. Although the property is vacant, at the time of argument petitioner was negotiating for its sale.
Petitioner relies on subdivision 1 of section 404 of the Real Property Tax Law in claiming tax exempt status: "Real property owned by the state of New York or any department or agency thereof, including but not limited to real property described in subdivisions two and three of this section * * * is * * * exempt from taxation”. Petitioner argues that it qualifies as a State "agency”, as does the State Employees’ Retirement System, citing a 1976 opinion of the Attorney-General (April 12, 1976, p 24), and a legislative note following the bill amending section 404 (L 1960, ch 391).
Subdivision 3 of section 404 of the Real Property Tax Law deals specifically with petitioner’s property: "Real property owned by the New York State teachers’ retirement system acquired or constructed pursuant to subdivision eight of section five hundred eight of the education law shall be exempt from taxation.” Turning to section 508 of the Education Law, subdivision 8 lists three specific uses of petitioner’s funds in connection with real property: if petitioner invests in a building for transaction of its own business (1), for lease or sale to the State (2), or for certain State educational institutions (3), its property is tax exempt. However, petitioner’s James Street property does not fall within any of these three categories, and in this court’s opinion is therefore not exempt from taxation.
Petitioner’s arguments in favor of exemption are complex and creative, but not persuasive. The phrase "including but not limited to” in subdivision 1 of section 404 of the Real Property Tax Law clearly refers to State or State agency property in general. Subdivisions 2 and 3, by reference to the enabling statutes for both retirement systems, extend the State’s exemption only to specific types of property. Without a clear expression of legislative intent, this court will not go beyond those particular instances set forth in subdivision 8 of section 508 of the Education Law, to extend petitioner’s tax exemption to all property owned by it, however used. Had the Legislature intended such an across-the-board exemption, sub *394 division 1 of section 404 of the Real Property Tax Law need only have read: "Real property owned by the State of New York or any agency thereof, including the Teachers’ Retirement system, is tax exempt.” There would have been no need for subdivision 3’s limiting reference to subdivision 8 of section 508 of the Education Law.
In accordance with the foregoing, summary judgment is granted to the City of Syracuse on the issue of tax exemption for the property at 516-520 James Street, under subdivision 1 of section 404 of the Real Property Tax Law. The parties’ remaining causes of action with respect to excessiveness of the assessment, etc. are of course preserved for trial.