■ In the Matter of NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, et al., Respondents. — Order reversed, on the law, with costs, and petitioner's motion for summary judgment granted. All concur, Cardamone, J. P., not participating. Memorandum: Petitioner New York State Teachers' Retirement System appeals from an order which denied its motion for summary judgment and granted judgment to respondent declaring that petitioner was not entitled to a tax exemption on certain real property located at 516-520 James Street in the City of Syracuse. Special Term held that subdivision 3 of section 404 of the Real Property Tax Law controlled with respect to the tax-exempt status of the property. The court determined that the property was not acquired for one of the three uses specified in subdivision 8 of section 508 of the

Education Law and therefore was not entitled to an exemption pursuant to subdivision 3 of section 404 of the Real Property Tax Law. Petitioner maintains that it was entitled to the general exemption of subdivision 1 of section 404 of the Real Property Tax Law. We agree. Tax exemptions found in statutes are matters of legislative grace. Petitioner has the burden of establishing its entitlement to an exemption and the statute must be strictly construed against petitioner *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196). Petitioner has met that burden. By its terms, subdivision 3 of section 404 of the Real Property Tax Law is restricted to property acquired by petitioner pursuant to subdivision 8 of section 508 of the Education Law. However, subdivision 8 does not exhaust the possibilities by which petitioner may acquire real property under section 508 of the Education Law. Pursuant to subdivision 10 of that section, petitioner may invest a part of its funds in conventional mortgages. Implicit within that power is the ability to acquire property by foreclosure. Petitioner established that the property in question was acquired by foreclosure on a mortgage; therefore, the exemption provision of subdivision 3 of section 404 of the Real Property Tax Law is inapplicable. Rather subdivision 1 of section 404 of the Real Property Tax Law applies. That subdivision provides in relevant part *"[r]eal property owned by* the state of New York *or any department or agency thereof, including but not limited to real property described in subdivisions two and three of this section, whether heretofore or hereafter acquired or constructed, is and shall be deemed to have been and to be exempt from taxation"* (emphasis added). In 1960, the Legislature added the language "any department or agency thereof, including but not limited to real property described in subdivisions two and three of this section, whether heretofore or hereafter acquired or constructed" to subdivision 1 of section 404 (L 1960, ch 391, § 11). It was stated that the amendatory language "declares the continuing intent of the Legislature that real properties owned by departments or agencies of the State, including the two principal retirement systems of the State, are exempt from taxation under principles and provisions of law which generally exempt property of the State" (McKinney's Session Laws of NY, 1960, p 647, explanatory note). Accordingly, petitioner is a State agency whose real properties are to be accorded tax exemption on par with property of the State and is thus afforded the general exemption of subdivision 1 of section 404 of the Real Property Tax Law. Finally, respondents' argument that summary judgment must be denied because petitioner has not shown that it held the property for a public use is without merit. Section 404 of the Real Property Tax Law does not condition the exemption upon petitioner's public use of the property. Had the Legislature intended such a condition, it would have added language to that effect as it has done with other sections in article 4 of the Real Property Tax Law. The statute contains no such requirement and courts may not insert conditions not contained in the act *(Matter of Erie County Agric. Soc. v Cluchey,* 40 NY2d 194, 200-201). (Appeal from order of Onondaga Supreme Court, Aloi, J. — proceeding to cancel or reduce tax assessment.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.