OPINION OF THE COURT
F. Warren Travers, J.
This is a proceeding for review of the tax assessments for the year 1986 on two separate parcels of vacant land situate in the Town of East Greenbush, New York. The petitioner claims that the parcels are wholly exempt, under section 404 of the Real Property Law, from real property taxes levied by respondents.
Petitioner moves for summary judgment and respondents oppose the motion.
The Albany Port District was created by an act of the New York State Legislature (L 1925, ch 192) as part of a joint effort by New York State and the United States of America to improve marine transportation within the State of New York. *431 The statute establishes the district boundaries as including all the territory within the City of Albany and the lands belonging to the City of Albany within the Town of Bethlehem; all the lands within the City of Rensselaer and all the lands and water in the Hudson River contiguous thereto. The vacant land being taxed is outside the Albany Port District and was acquired by petitioner by purchase in 1927.
Petitioner asserts that RPTL 404 exempts the land in question from the imposition of tax. The claim is premised upon the argument that the Albany Port District land is actually real property owned by the State of New York or a department or agency thereof. Respondents’ position is that the enabling statute does not confer tax-exempt status and that RPTL 300 renders the real property subject to tax. Respondents further assert that the land in question lies outside the district boundaries and has not been used for any governmental purpose. There is no factual dispute that the land has been vacant since the time of acquisition in 1927.
The Second Circuit Court of Appeals, in 1935, examined the historical nature of port activities and specifically the creation of the Albany Port District. (See, Commissioner of Internal Revenue v Ten Eyck, 76 F2d 515.) In that case, the court concluded that the ownership, control and operation of port facilities are a usual governmental function of the State. The court (at 517) stated "Commissions similar to this one, created for purposes of supervision and control of ports, in nearly all instances, have been governmental agencies, so constituted as to exercise the same kind of regulatory and supervisory functions as does the Albany Port District Commission”.
An examination of Laws of 1925 (ch 192) reveals that the Albany Port District is declared to be a public corporation with perpetual existence. The Commissioners are appointed by the Governor and such members take the constitutional oath of office and file the same in the office of the Secretary of State. Among the powers granted is the right to equip and maintain port facilities. It is also granted powers similar to those enjoyed by private business such as conferring with other government officials, to lease or construct facilities, execute contracts, fix rates and charges for use of port facilities, employ necessary people. It also has powers that an ordinary business does not, such as the power of condemnation, the power to create a traffic bureau and to cause taxes to be levied upon the property within the Cities of Albany and Rensselaer. Reports of all these activities are filed with the *432 State of New York. The State of New York originally appropriated money to support the creation of the Commission.
Considering all of these factors the court must determine if the Albany Port District is a department or agency of the State within the meaning of RPTL 404. The court is guided by and bound by the determination of the Third Department in Callanan Rd. Improvement Co. v McMullen Co. (253 App Div 424). The question before the court was whether the Albany Port District was a municipal corporation or public benefit corporation pursuant to the laws then in existence. The court determined that it was not a public benefit corporation but a municipal corporation. Upon reviewing the various powers and functions, the court concluded (at 427) that "[t]he port district is, therefore, a territorial division of the State”. This court being bound by that determination finds as a matter of law that the Albany Port District is a department of the State within the meaning of RPTL 404.
The next question then presented is whether the tax exemption conferred by section 404 is lost if no governmental use of the land is presently occurring. Respondents rely upon Erie County Water Auth. v County of Erie (47 AD2d 17) to support the position that the ownership alone is not sufficient to qualify property as tax exempt. There, however, the property was leased to a private tenant and no public use occurred during the term of the lease. Clearly, the facts are different.
The property in this case is not being used, is not generating any income from private users and is lying vacant. Presumably it is being held for future port facilities.
Considering the limited amount of riverfront property, the acquisition of this land for future port facilities would appear prudent. The fact that it has remained vacant since 1927 does not destroy its primary purpose of being held for public use. (See generally, Bush Term. Co. v City of New York, 282 NY 306.) In any event, section 404 does not contain any requirement that the land be held for a public use. (Matter of New York State Teachers’ Retirement Sys. v Srogi, 84 AD2d 912, affd 56 NY2d 690.)
The property in question is therefore the property of a department or agency of the State of New York and exempt from real property tax pursuant to RPTL 404 (1). The motion for summary judgment is granted.