■ In the Matter of ALBANY PORT DISTRICT COMMISSION, Respondent, v BOARD OF ASSESSMENT REVIEW OF THE TOWN OF EAST GREENBUSH et al., Appellants.—Mikoll, J. Appeal from an order of the Supreme Court (Travers, J.), entered September 22, 1988 in Rensselaer County, which granted petitioner's application, in a proceeding pursuant to RPTL article 7, to, *inter alia,* declare the assessment of certain parcels of land owned by petitioner in the Town of East Greenbush unlawful.

Petitioner is a public corporation created by an act of the Legislature (L 1925, ch 192) to improve marine transportation within the State. Petitioner owns two parcels of vacant land against which respondents assessed property taxes. The parcels are located outside the geographic boundaries of petitioner. Petitioner, claiming that the two parcels are exempt from taxation pursuant to RPTL 404 (1), commenced the instant proceeding pursuant to RPTL article 7 to review respondents' assessment of taxes on the two parcels for the year 1986. Subsequently, petitioner moved for summary judgment pursuant to CPLR 3212 and RPTL 720 (1) declaring the tax assessment illegal and void. Respondents opposed the motion.

In its decision granting petitioner's motion for summary judgment, Supreme Court found that petitioner is a department of the State within the meaning of RPTL 404 (1) and, therefore, exempt from the real property tax. An order was then entered declaring, *inter alia,* the tax on said property unlawful, exempt from taxation and striking the property from the Town of East Greenbush tax roll. This appeal by respondents ensued.

There should be an affirmance. RPTL 404 (1) provides: "Real property owned by the state of New York or any department or agency thereof, including but not limited to real property described in subdivisions two and three of this section, whether heretofore or hereafter acquired or constructed, is and shall be deemed to have been and to be exempt from taxation". "Petitioner has the burden of establishing its entitlement to [a tax] exemption and the statute must be strictly construed against petitioner" *(Matter of New York State Teachers' Retirement Sys. v Srogi,* 84 AD2d 912, 913, *affd* 56 NY2d 690). Petitioner in the instant proceeding has met that burden. It had the power and authority to acquire and hold the land (L 1925, ch 192; *see, Callanan Rd. Improvement Co. v McMullen Co.,* 253 App Div 424, *affd* 280 NY 536; *see also, Commissioner of Internal Revenue v Ten Eyck,* 76 F2d 515, 518). RPTL 404 does not restrict the exemption to only that

land owned by petitioner and located therein, nor does it require the land to be held for a public use *(see, Matter of New York State Teachers' Retirement Sys. v Srogi, supra,* at 913). Accordingly, Supreme Court properly declared that the tax on petitioner's land was unlawful and exempt from taxation. Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur. *[See,* 140 Misc 2d 430.]