Dear Senator Mark S. Snyder,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question:
 Title 11, Section 22-159 states that "[m]unicipalities may support any public school system located in whole or in part within the corporate limits of the municipality, including without limitation by the expenditure of municipal revenues for construction or improvement of public school facilities. In furtherance of municipal support for any public school system, as authorized by this section, the municipal governing body may take all actions necessary to effectuate such support."
 Does this allow monies raised by the municipality for the benefit of local schools to be expended for general revenue items of day-to-day school operation, including, but not limited to, teacher salaries?
¶ 1 Title 11, Section 22-159 of the Oklahoma Statutes ("Statute") was held constitutional in Grimes v. City ofOklahoma City, 49 P.3d 719 (Okla. 2002). The court determined that the general purpose of the Statute was to allow municipalities the option to support public school systems located at least partially within municipal limits. Id. at 723. The court also held that Article XIII, Section 1 of the Oklahoma Constitution, authorizing the Legislature to maintain a system of public schools, did not limit funding of public school systems to State funds, and thus the use of municipal funds for school support does not violate the Constitution. Id. The Statute had previously been analyzed in A.G. Opin. 00-59, which reached the same conclusion as to constitutionality. Id. at 308.
¶ 2 To answer your question, we must determine whether the phrase "including without limitation by the expenditure of municipal revenues for construction or improvement of public school facilities" limits the manner in which a municipality may provide support. 11 O.S. 2001, § 22-159[11-22-159].
¶ 3 Generally, the expression of one thing in a statute excludes another unexpressed thing. Patterson v. Beal,19 P.3d 839, 845 (Okla. 2000); Spiers v. Magnolia Petroleum Co.,244 P.2d 852, 856 (Okla. 1952). But this maxim of statutory construction is not of universal application and cannot be used to defeat the purpose and intent of the Legislature. Pub. Serv.Co. v. State ex rel. Corp. Comm'n, 842 P.2d 750, 753 (Okla. 1992). Thus, use of the word "including" followed by reference to improvement of school facilities does not automatically mean the Legislature intended to exclude other purposes or projects. SeeIn re Cent. Airlines, Inc., 185 P.2d 919, 922 (Okla. 1947). This is particularly so where the Legislature chose to insert the words "without limitation" as a modifier, making it clear that improvement of school facilities is only one kind of project for which municipal support may be used, and certainly not the only allowable project.[1]
¶ 4 If the Legislature had intended to limit the kinds of assistance which municipalities could provide to schools, it could have done so in this Statute, but did not. It is presumed that the Legislature has expressed its intent in a statute, and that it intended what is so expressed. The Legislature said what it meant, and meant what it said. Patterson, 19 P.3d at 845;Davis v. CMS Cont'l Natural Gas, Inc., 23 P.3d 288, 292 n. 10 (Okla. 2001). By using the phrase "without limitation," we conclude the Legislature intended to say "expenditure of municipal revenues for construction or improvement of public school facilities" is one kind of allowable use, but not the only permitted use.[2] 11 O.S. 2001, § 22-159[11-22-159].
¶ 5 As to your question of municipal funds paying teachers' salaries, under the Statute, there appear to be no statutory restrictions. See id. Within 70 O.S. Supp. 2002, § 5-117[70-5-117] and other statutes setting out the powers, duties and limitations of school boards, we find no prohibitions against schools receiving money from municipalities and using the funds for any lawful purpose, (including payment of salaries), subject to any restrictions in the sales tax or other municipal funding legislation. However, any municipal ordinance levying a sales tax for a special purpose must specify the purpose for which the tax will be used, 68 O.S. 2001, § 2701[68-2701](B); Okla. Const. art. X, §19, and any municipal appropriations must be made as required by applicable municipal charter provisions, ordinances and State statutes.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Monies raised by a municipality for the benefit of local schools may lawfully be expended for general revenue items of day-to-day school operation, including, but not limited to, teacher salaries, pursuant to 11 O.S. 2001, § 22-159. However, any municipal ordinance levying a sales tax for a special purpose must specify the purpose for which the tax will be used, 68 O.S. 2001, § 2701[68-2701](B); Okla. Const. art. X, § 19, and any municipal appropriations must be made in accordance with applicable municipal charter provisions, ordinances and State statutes.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] While numerous Oklahoma statutes use the phrase "without limitation," e.g., 11 O.S. 2001, § 24-107[11-24-107](q); 62 O.S. 2001, §878[62-878](A); 69 O.S. 2001, § 1701[69-1701]; 74 O.S. 2001, § 5062.8[74-5062.8](9), it appears there has been no construction of the phrase in reported Oklahoma cases. See also N.Y.State Teachers Ret. Sys. v. Srogi, 428 N.Y.S.2d 439,440 (N.Y.Sup.Ct. 1980),rev'd, 447 N.Y.S.2d 57, 58 (N.Y.App.Div. 1981) (the phrase "including but not limited to" within a property tax law statute granting tax-exempt status to real property owned by the state or any department or agency thereof, which statute also listed two categories of property, was held to refer to state or state agency property in general); Nev. 92 Op. Att'y. Gen. 22 (1992) (local government entities not listed in the statute could be party to interlocal agreements). But cf. Roberts v. GM Corp.,643 A.2d 956, 960 (N.H. 1994) (consumer statute applicability limited to listed acts).
[2] In Grimes, it was held that the Statute "allows municipalities the option to levy a sales tax for the legitimate public purpose of adequately financing public school systems located in whole or in part within the municipality's corporate limits," but the court did not address whether the use of such municipal sales tax money is limited only to improving physical facilities. Grimes, 49 P.3d at 726.